HENRY McAULEY, Appellant, *v.* WILLIAM H. CARTER *et al.,* Appellees.

### APPEAL FROM COOK.

Where the parties to a building contract agree that the superintendent shall pass upon the work, and certify as to the payments to be made, his decision is binding, unless fraud or mistake on his part shall be shown.

Notice need not be given of the certificate obtained from the superintendent, where the contract does not require it.

THIS is a suit for a mechanics' lien. The petition was filed in the Cook County Circuit Court, November 6, 1857, and sets forth that the petitioners entered into a written agreement with the defendant, bearing date the 25th day of April, A. D. 1856, whereby they agreed to build, finish and complete in a careful, skillful and workmanlike manner, to the full and complete satisfaction of W. W. Boyington, or his assistant superintendent, the mason work of a marble front dwelling to be erected on Michigan Avenue, so as fully to carry out the design of said work as set forth in the specifications (the specifications being attached to the contract) and the plans and drawings therein especially referred to, said plans, drawings and specifications being made part and parcel of the contract; and that the said McAuley, for and in consideration of the said Carter and Miller's furnishing

all materials, and fully and faithfully executing the aforesaid, so as fully to carry out the design for the same as set forth by the specifications, and according to the true spirit, meaning and intent thereof, and to the full and complete satisfaction of W. W. Boyington, or his assistant superintendent as aforesaid, agreed to pay Carter and Miller therefor, $3,300; as the work advances the superintendent is to make out estimates of the work and materials furnished and inwrought into said building, and upon the presentation of a certificate of 85 per cent. on said estimate, the said McAuley is to pay the amount, and the balance in full on completion of the contract; provided the said superintendent shall certify in writing that they are entitled thereto. And by their third petition, they allege that they performed the work and furnished the materials according to the provisions of said contract, and fulfilled all the terms, conditions and requirements of said contract and specifications to be by them kept or fulfilled, and that said work was duly accepted; that there is due the petitioners, on account of work done under said contract, the sum of $700, and that that sum was duly certified to by W. W. Boyington, superintendent, previous to the commencement of this suit; and that they are entitled to the further sum of $189.50 for extra work, and that this sum was duly settled, and certified to by said superintendent.

In the specifications which set forth the particular manner in which the work is to be done, are the following provisions:

W. W. Boyington, or his assistant architects, are declared to be the superintendents of the work for the owner. Their duties will consist in giving, on demand, such interpretations either in writing, language or drawings, as in his judgment the nature of the work may require, having particular care that any and all work done and materials used for the work, be such as hereinafter described, and in giving on demand any certificates that the contractor may be entitled to, and in settling all deductions of or additions to the contract price, which may grow out of all alterations of the design after the same are declared to be contracted; also determining the amount of damages which may accrue from any cause, and particularly, decide upon the fitness of all materials used and work done—the contractor being bound in all cases to remove all improper work or materials, upon being directed to do so by the superintendent.

The answer of McAuley admits the making of the contract, but denies that the petitioners did the work or furnished the materials to be done and furnished by them, according to the conditions and terms of said contract and specifications, specifying several particulars.

*O. L. Wheelock* testified. Am an architect; assisted in drawing the plans and specifications for the building referred to in the contract handed to me. (Here were handed to the witness the contract and specifications above referred to.) I know of the plaintiffs going in and putting up the walls of the building, under this contract and specifications, upon the premises described in the petition.

Contract and specifications read in evidence.

The plaintiffs handed to the witness the following writing:

"I hereby certify that I have examined the within bill, and checked such items as I was satisfied were correct and done under my supervision, and crossed out such items as I considered not correct. In accepting this work upon the condition of the contract, I must deduct the sum of fifty dollars for damages to the front, caused by not being suitably anchored to the wall of L. C. Clarke: the anchoring has since been done, but the blemish still remains.

| | |
|---|---|
| I hereby certify to so much of the within bill as amounts to........... | $189.50 |
| And approve the contract of the house............................. | 3,300.00 |
| | $3,489.50 |
| By deducting as aforesaid the sum of............................... | 50.00 |
| | $3,439.50 |
| I have drawn certificates to the amount of two thousand and six hundred dollars ....................................................... | 2,600.00 |
| | $839.50 |

Respectfully submitted,    W. W. BOYINGTON."

The witness stated that he was acquainted with the handwriting of W. W. Boyington, and that the signature to the above paper was in his hand-writing. Plaintiffs offered to read in evidence the foregoing paper. Objection made and overruled, and exception taken.

The defendant called a witness and offered to prove that W. W. Boyington, at the request of defendant, McAuley, gave notice to the plaintiffs of defects in the building of the walls of the dwelling-house, and that those defects have not been remedied.

That the excavations under the building were not made of the depth required by the specifications.

That the stone of the footing of the walls was not set into the earth as required by the specifications, and that the sand used for mortar for the walls was not clear beach-washed sand as required by the specifications.

That the stone front of the building was not anchored as required by the specifications, nor were the iron anchors worked into and secured to the timbers as required by the specifications.

That the stone front of the building was projected in consequence of the insufficient anchorage, and that thereby the front

of the building was defaced, and that the walls in the southeast corner of the building, in consequence thereof, had settled and were still settling, to the great injury of the rooms inside of the building.

The extent of the damage sustained by defendant McAuley in consequence of the above defects. Evidence rejected by court, and exception taken.

The defendant then offered to prove that the contract with respect to the house was not performed by the petitioners as required by the specifications, in certain particulars; but the court overruled said evidence and each and every item thereof, holding that said McAuley was estopped by the certificate already given in evidence. Exception taken.

The defendants then gave in evidence their certificates dated May 31, 1856, July 8, 1856, July 21, 1856, August 11, 1856, and September 22, 1856, all drawn by W. W. Boyington, amounting to $2,600, and are all in the following form:

"$300. *Chicago, May* 31, 1856.

Mr. H. McAULEY:

This is to certify that there is due to Messrs. Carter & Miller, the sum of three hundred dollars for labor and materials furnished your building on Michigan Avenue, payable at sight at Chicago.

Yours Respectfully,     W. W. BOYINGTON,
No. 1.                                Architect and Superintendent."

On each of which is indorsed the receipt of Carter & Miller, the petitioners.

This being all the evidence, the defendant's counsel then asked the court to give to the jury the following instruction:

To entitle the plaintiffs to recover in this action for any balance which may be due them for doing work and furnishing materials under the written contract given in evidence in this cause respecting the dwelling-house, it is necessary that they should, before the commencement of this suit, have procured from the superintendent of said work mentioned in said contract, a certificate of the amount due them, and have given notice to the defendant that they had procured said certificate, and unless the jury shall believe, from the evidence, that the defendant was in some manner notified before the commencement of this suit, that such certificate had been procured, then the verdict in this case should not include the claim for work done and materials furnished under said written contract. Instruction refused; and exception taken.

Motion for new trial made and overruled.

Errors assigned by appellant:

The court erred in receiving in evidence the certificate and

the indorsements thereon purporting to be signed by W. W. Boyington.

The court erred in refusing to permit the defendant, McAuley, to show that said Boyington, on the 26th of November, 1856, at the request of McAuley, gave notice to the plaintiffs below, of defects in the building of the wall in the dwelling-house, and that those defects had not been remedied.

The court erred in refusing to permit defendant, McAuley, to prove the particular defects in the performing of the work by the plaintiffs on the dwelling-house, and the damages which resulted to the defendant therefrom.

The court erred in refusing to permit the defendant, McAuley, to give evidence to the jury, that the contract read in evidence respecting the dwelling-house, was not performed by the plaintiffs in certain particulars set forth, and that the omissions there mentioned were overlooked by said Boyington by mistake.

The court erred in refusing to give the instruction asked by defendant.

The court erred in overruling defendant's motion for a new trial.

HOYNE, MILLER & LEWIS, for Appellant.

J. H. THOMPSON, for Appellees.

BREESE, J.    By the contract between the parties in this case, it is provided that the work shall be done in a careful, skillful and workmanlike manner, to the full and complete satisfaction of W. W. Boyington or his assistant superintendent, and on completion of the contract the balance due shall be paid appellees, " provided the said superintendent shall certify in writing that they are entitled thereto." The appellees are required by the contract, to submit in all things to the judgment of the superintendent, and he is declared to be, " superintendent of the work for the owner," and the owner is also bound, in all cases, to recognize the binding effect of the acts of his superintendent.

This being the contract of the parties, the case on the part of the appellees, was made out, by producing and proving the final certificate of the superintendent. That was the condition, and the only one, on which their right to recover rested, and when produced, it must be held, in the absence of any fraud, conclusive. No evidence of the amount of work done, or of its character, was admissible—both parties are concluded by the certificate of the superintendent. *The Board of Trustees of Ill.*

*and Mich. Canal* v. *Lynch*, 5 Gilm. R. 526 ; *McAvoy* v. *Long*, 13 Ill. R. 147.

The superintendent must be regarded as the sole and exclusive judge of all matters pertaining to this contract, and from his decision there is no appeal, nor can it be attacked except for fraud or mistake, neither of which is alleged. And the mistake to be available must be one which shows clearly, the superintendent or judge, was misled, deluded, and so far misapprehended the facts, that he did not exercise his real judgment in the case. Nothing of this sort is pretended here—there is no such issue.

No notice being required by the contract to be given the appellant, that appellees had obtained the certificate of the superintendent, the instruction asked for was properly refused. He was, besides being sole judge between the parties, the agent of the appellant, and of course appellant had all the notice necessary and was bound to take notice of his acts. The condition precedent to the payment of the money having been performed by the production and proof of the superintendent's certificate, nothing remained for them to do, and it is wholly immaterial whether the work was well or ill done, so that the superintendent was satisfied. The judgment is affirmed.

*Judgment affirmed.*