WILLIAM B. PACKARD *et al.*

*v.*

WILLIAM VAN SCHOICK.

| 58 | 79 |
| 120 | 158 |
| 58 | 79 |
| 144 | 137 |
| 58 | 79 |
| 59a | 108 |
| 58 | 79 |
| 72a | 540 |
| 58 | 79 |
| 174 | 408 |

1. EVIDENCE—*conversations anterior to execution of a writing considered as merged in the instrument.* When a contract is reduced to writing, all matter of negotiation and discussion on the subject antecedent to, and *dehors* the writing, are excluded, as being merged in the instrument, unless offered to overthrow the contract as being fraudulent or illegal.

2. SAME—*of words used in an instrument having a particular meaning.* Where certain words used in a written instrument have acquired a particular meaning by local usage, and such usage is shown to have been so general, uniform and frequent, as to warrant the inference that the parties had knowledge of and contracted with reference to the usage, it is competent to show that meaning by parol.

3. CONTRACTS—*condition precedent.* Where, by the terms of a written contract for furnishing the materials and laying the brick and stone work for a building, it was provided that payment therefor should only be made upon the estimate and certificate of the superintendent of the work, in such case the obtaining of such certificate is a condition precedent to the payment of the money; and an action to recover therefor, without first obtaining it, is prematurely brought.

4. SAME—*providing for payment upon certificate of a third party—contracting parties should have notice of application for certificate.* And where, in such case, the parties have fixed upon a particular mode by which the right of payment is to be ascertained, justice requires that the party applying for such estimate and certificate should give notice to the other, of the time and place of a hearing in respect thereto.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. M. W. PACKARD, for the appellants.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This action is general *indebitatus assumpsit,* for work, labor and materials.

The work was done and materials furnished under a written contract, which the appellee, plaintiff below, introduced in evidence, and by which the plaintiff undertook to furnish the material, and lay all the brick and stone work (with some exceptions,) for a school house at Bloomington, in this State, for which appellants were to pay him fourteen dollars per thousand, wall measure, for the brick work, including the laying and putting in place all the stone work, except the front stone steps of the main entrance.

The plaintiff gave evidence, tending to explain the meaning of the words " wall measure," the result of which was that it is a process of measurement recognized by the usage of the place, by which all of the openings, such as windows and doors, are estimated as so much wall. Exception was taken to the admission of this evidence, by the defendants, and in order

to rebut the presumption that they contracted with reference to this usage, the defendants proved by the plaintiff that the words "wall measure" were interlined in the contract after it was drawn, but before its execution, and that although they consented to the words being inserted, yet they repudiated any such measurement as would include the openings as so much brick work. This evidence the court excluded.

The evidence of what was said between the parties at the time of putting these words into the contract, was inadmissible.

When a contract is reduced to writing, all matters of negotiation and discussion on the subject, antecedent to and *dehors* the writing are excluded, as being merged in the instrument, unless offered to overthrow the contract as being fraudulent or illegal. 2 Kent's Com. 556.

The words "wall measure," when applied to the subject matter of the contract are not clear and unambiguous, and if they have acquired a particular meaning by local usage, and such usage is shown to have been so general, uniform and frequent, as to warrant the inference that the defendants had knowledge of and contracted with reference to the usage, then, by the settled rules of construction, resort might be had to evidence in explanation, to determine the sense of the instrument. 2 Kent's Com. 555 ; *Bissell* v. *Ryan,* 23 Ill. 566.

But, under the view we take of this case, it is unnecessary to express any opinion upon the sufficiency of the evidence of local usage, as the plaintiff, on other grounds, wholly failed to establish a cause of action.

By the terms of the contract, payments were to be made by the defendants only upon the estimate and certificate of the superintendent of the work, and then only ninety per cent of each estimate was to be paid, until the full completion of the whole contract. It provides further, that in case the work or materials should not be in accordance with the contract and plans and specifications, the superintendent should refuse a certificate until the work should be satisfactorily done, and should the

6—58TH ILL.

same not be made satisfactory to the superintendent, then all unpaid portions of the contract should be forfeited by the party of the first part.

By these provisions, the parties have fixed upon a particular mode by which the right to payment is to be ascertained. The contract, therefore, furnishes the law of the case, and that mode must be pursued. *Worsley* v. *Wood,* 6 Term. R. 710; *Morgan* v. *Birnie,* 9 Bing. 672; *Smith* v. *Briggs,* 3 Denio R. 73.

In *United States* v. *Robeson,* 9 Peters' R. 319, where the contract contained a similar provision as to payment, and an action was brought without obtaining the certificate, the court said: "The contract is a law between the parties in this respect, as they expressly agree that the amount of the services shall be established by the certificates of the commanding officer. Can it be established in any other manner, without showing the impracticability of obtaining the certificates? Is not this part of the contract as obligatory as any other part of it, and if so, is not the obtaining the certificate a condition precedent to the payment of the money?" It was held that it was a condition precedent, and it is equally so here.

This suit was commenced on the 11th day of August, 1869. The plaintiff introduced in evidence a certificate, bearing date the 14th day of September, 1869, and testified that he received it on the day of its date. It was as follows: " I hereby certify that the brick work of the 2d ward school house is completed, according to the plans and specifications, and think it the best job of common brick work in this city, and the interest manifested by Messrs. Van Schoick & Rounds to make it so, is highly appreciated by me.

"GEO. W. BUNTING, Architect."

This certificate was issued after suit brought. It contains no estimate. Says nothing about the stone work. In short, it is not such as is required by the contract, and seems much better calculated to support the vanity of the plaintiff than his cause of action.

The plaintiff testified that it was given in lieu of another which had been previously issued and was lost; but he could not tell whether the other was issued before or after the commencement of the suit. He made no attempt to lay any foundation for secondary evidence of its contents, or to furnish any such evidence. So that the case was submitted upon a certificate issued after suit brought, and insufficient if it had been in time.

As the plaintiff may deem it necessary to obtain the estimate and certificate of the architect, in proper form, and as his decision might be deemed conclusive, within the principle of *Canal Trustees* v. *Lynch,* 5 Gilm. 526, and *McAvoy* v. *Long,* 13 Ill. 150, it is proper to say, the parties should have notice of the time and place of such hearing; for, it is against the principles of natural justice that either party should be cut off by an *ex parte* decision, without notice.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice Scott took no part in this decision.