FREDERICK KORF

*v.*

ANN E. LULL.

1. BUILDING CONTRACT—*defects in work—whether waived by acceptance.* Where a party accepts work done upon a house by a builder, he does not thereby waive objections to any latent defect there may be in the work which, at the time of acceptance, is not open to inspection.

2. SAME—*certificate of architect—when conclusive of the rights of the parties.* Where a contract for building a house provides that the work shall be done under the direction of an architect therein named, and upon his certificate that the terms of the contract have been complied with, the price agreed upon is to be paid, the certificate of the architect, made in compliance with the agreement, is conclusive of the rights of the parties.

3. SAME—*notice before architect certifies.* In such case, it is not necessary, unless so expressed in the contract, for the builder to give notice before applying to the architect for such certificate.

4. MEASURE OF DAMAGES — *delay in erecting building.* Where there is unreasonable delay by the builder in the performance of a contract to build a house, the owner will be entitled to damages equal to the rental value of the premises during the period of delay.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FREDERICK S. MOFFETT, and Mr. ADONIRAM CARTER, for the appellant.

Mr. JOHN WOODBRIDGE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was to establish a mechanic's lien. The work and labor were performed and the materials furnished under a written contract to do the carpenter work, which, by the specifications, was to include the plastering, plumbing and painting on a brick building which appellee was having erected on the premises described in the petition. Extra work was done, and materials furnished outside the contract, for which a lien is claimed.

The defense alleged in the answer is, the work was not finished within the time limited, nor was it done in accordance with the contract. It is insisted, by reason of the inferiority of the workmanship and materials, and the delay in completing the work, appellee sustained damages exceeding any sum that could be due to appellant. The master to whom the cause had been referred, reported there was due appellant, on the contract, and for extra work and materials, $847.59. Exceptions taken to the report were sustained, and the petition dismissed. That decision is assigned for error.

There is but little controversy between the parties in regard to the extra labor and materials. The master seems to have deducted from the account, all the evidence shows appellee was entitled to have deducted on account of erroneous charges.

It is insisted, the quality of the workmanship and materials can not be inquired into by reason of two facts alleged in the petition, neither of which is denied in the answer: *First*, that appellee accepted the work without objection; and *second*, she is concluded by the action of the architects, upon whose certificate that the terms of the contract had been complied with, she had expressly agreed to pay for the labor and materials furnished.

The first position assumed is not tenable. The principal item of damage, it is claimed, arises out of the defective manner in which the plastering was done. A party who has accepted work, is not held to have waived defects in it, if, like plastering, it may have latent defects which are not open to inspection. The same may be said of other work not open to inspection when it was accepted. *Van Buskirk* v. *Murden*, 22 Ill. 446.

As to the second point, the certificate of the architects must be deemed and taken as conclusive of the rights of the parties, unless impeached for fraud or mistake, neither of which is alleged. The agreement expressly provided, the work should be done under the direction of the architects, and upon their certificate that the terms of the contract had been complied with, and upon sufficient evidence all claims for labor and materials against the contractor had been discharged, the consideration agreed upon was to be paid. The certificate was made by the architects in exact compliance with the agreement, and exhibited to appellee before suit was brought. Proof was made there were no liens on the building in favor of any contractor, under appellant. The *prima facie* case was made by these facts, and of the amount unpaid, was not overcome by anything contained in the record. It is not proven the certificate of the architects was obtained by any fraud, or through mistake. There is no suggestion, by the evidence or otherwise, that it was not obtained in good faith.

The contract for the plastering was sub-let by appellant, and was done under the direction of the architect in charge

of the work.    It was paid for on the certificate of the archi-
tect present, superintending the work for appellee, and this
ought to be held to operate as an acquittance to appellant.    If
there were any defects, it is supposed the architect possessed
skill enough to have detected them as the work progressed.
He ought to have done so, and withheld his approval.    It
would impose a great hardship upon appellant, to make him
liable for damages on account of the plastering, after the
sub-contractor had been fully paid under the direction of
appellee's own agent.    The doctrine of the conclusive character
of the certificate of the architect selected by the parties, under
whose directions the work is to be performed, and who is to
determine when the terms of the contract have been com-
plied with, was settled by this court in *McAuley* v. *Carter*, 22
Ill. 53, where the exact point was involved, on the authority
of the *Board of Canal Trustees* v. *Lynch*, 5 Gilm. 521, and
*McAvoy* v. *Long*, 13 Ill. 147.

The principle is, the decision of the umpire agreed upon
is final, from which there is no appeal, and can only be
attacked for fraud or evident mistake.    In *McAuley* v. *Carter*,
*supra*, it was definitely ruled, where no notice was required
by the contract, none was necessary before applying to the
architect for his decision.    He was declared to be the sole
judge as to the matters submitted to his supervision, and
both parties were held to have all necessary notice, and are
bound by his acts.

This rule imposes no hardship.    Parties desiring it can
readily stipulate notice shall be given of the time and place
where the architect will render his decision.    In the absence
of any agreement for notice, the parties will be deemed to
have waived it.    In the case at bar, the architects were the
agents of appellee, and she will be concluded by their acts,
in the absence of fraud or evident mistake, although no
notice had been given of an intention to apply to them for a
certificate.    She had not contracted for notice, and the law
imposed no obligation to give it.

It is insisted, the case of *Packard* v. *Van Schoick*, 58 Ill. 79, holds a different doctrine. It was not intended, in that case, to change the rule that had been adopted in so many well considered cases in this court, and which had been uniformly adhered to, through a long series of years, as the settled law. What was said in the opinion upon the question of notice, was not necessary to the decision of the case, and can, with great propriety, be regarded as a suggestion to give notice, in view of the fact difficulty had sprung up between the parties, in case a new certificate should be applied for in lieu of the one held to be defective. It was, no doubt, a timely intimation in that particular case, and it would be well if architects, in all cases where it is known there is a misunderstanding between the parties, would give reasonable notice of the time and place they will render a decision, in cases where no notice is provided for in the contract. The case should be understood in this sense, and not as overruling the previous decisions on the subject.

The testimony seems to indicate, there was some unreasonable delay beyond that caused by the brick mason. Appellee would be chargeable with all delay caused by her employees, as her own act. On another trial, if the court shall find there was unreasonable delay on the part of appellant in completing his part of the work, appellee would be entitled to damages equal to the rental value of the premises during that period.

The decree dismissing the petition will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*

Mr. JUSTICE MCALLISTER, dissenting:

I do not concur. By the contract, appellant was to do the carpenter work, the plastering and plumbing according to certain specifications, and within a specific time. The terms and conditions upon which appellee was to pay for the work were as follows:

"2d.  In consideration of the foregoing, the said Mrs. O. R. W. Lull agrees to pay the said F. Korf, contractor, upon certificate of said architects that the terms of said contract have been complied with, and upon sufficient evidence that all claims upon the building for work and materials, up to the time of payment, are discharged, the sum of thirty-nine hundred dollars, ($3900,) in manner following, viz:  One payment when the roof is on; one payment when the plastering is on; it being understood that no payment shall exceed eighty per cent of the value of the work performed and materials furnished.  The work to be commenced as soon as the contract has been signed, and completed as soon as the 10th day of August, 1872."

The certificate of the architects that the terms of the contract had been complied with, was a condition precedent to appellant's right to payment.  *Packard et al.* v. *Van Schoick,* 58 Ill. 79.

As showing compliance with that requirement, appellant relied upon two certificates, one signed by one architect alone, and another signed by both.  These certificates are as follows:

"CHICAGO, Oct. 17, 1872.

"Mr. F. KORF:  *Dear Sir*—This is to certify that the plastering portion of the work on Mrs. Lull's house, on Maple street, Chicago, is accepted, with these exceptions: That the sides of the entrance to the attic are to be plastered, and the crack above the second story window finish is to be filled.

"Yours, etc.,

"F. W. COPELAND, Arch't."

"CHICAGO, Nov. 2, 1872.

"This is to certify, that Mr. F. Korf has completed the carpenter's portion of the work on a dwelling house for Mrs. O. R. W. Lull, on Maple street, Chicago, and is entitled to the balance of the money due him, upon his proof that all debts for labor and materials used in the building, have been

discharged, or upon his giving proper orders for their discharge.

[Signed]                          "F. W. COPELAND, and
                                  "F. O. WEARY, Architects."

The first of these certificates relates only to the plastering, and does not show its completion. The second relates to the "carpenter's portion" of the work, but does not profess to certify that the terms of the contract have been complied with. The work might be completed, but not within the time, or according to the specifications of the contract. *McAvoy* v. *Long*, 13 Ill. 151; *Morgan* v. *Birnie*, 9 Bing. 670; *Smith* v. *Briggs*, 3 Denio, 73.

Mr. JUSTICE SCHOLFIELD: I dissent from the opinion of the majority of the court, for the reasons stated in the dissenting opinion of Mr. Justice MCALLISTER.