# David Coey

*v.*

# George Lehman *et al.*

1. Contract—*enforced according to the intention of the parties.* Courts are powerless to disregard the terms of a contract plainly expressed, but it is their duty to enforce them according to the intent of the parties, as shown by the language used in the contract.

2. Same — *building contract — payment upon certificate of architect.* Where the parties to a building contract agree that the superintendent shall pass upon the work, and certify to the payments to be made, his decision is binding, unless fraud or mistake on his part shall be shown.

3. In this case, the contract provided that the work should be paid for as it progressed, upon the certificate of the architect, except fifteen per cent, which was to be held back until the work was finished and accepted by the superintending architect; it further provided that payments made under the contract, or for extra work, should in no case be construed as an acceptance of the work, but that the contractors should be liable to all the conditions of the contract until the work should be finished and accepted by the architect, and such acceptance should be signed by the architect, in order to bind the parties: *Held,* that the contractor could not require or compel the payment of anything on account of the work and materials, except upon presentation of the certificate of the architect; and that, as to the fifteen per cent reserved until the completion of the work, it only became payable upon the acceptance of the work, after completion, by the superintending architect, and upon presentation of a certificate signed by him.

4. Same—*merger of prior or contemporaneous provisions.* Where specifications were attached to a building contract at the time of its execution, all previous or contemporaneous agreements as to changes in the specifications, were merged in the contract as executed

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. J. C. & J. J. Knickerbocker, and Mr. J. V. Le-Moyne, for the appellant.

Mr. F. Sackett, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit. brought by appellees against appellant, to recover for extra work and materials, and a balance claimed to be due on a contract under which appellees furnished the material and performed the mason work and plastering on certain buildings in Chicago, which were erected by appellant for Lavina A. Herrick. guardian of certain minors.

A trial of the cause was had before the court, a jury having been waived by agreement, which resulted in a judgment in favor of appellees, for $1132.22. The appellant brings the record here by appeal, and has assigned various errors, but, in the view we take of the facts presented by the record, it will only be necessary to consider the sixth error assigned, as the disposition of that will be conclusive of the case. It is as follows:

"The court erred in rendering judgment in favor of the plaintiffs below, because the said plaintiffs had not complied with the terms of their contract with the defendant, in ascertaining the amount due them. if anything, before the commencement of their action in the court below, as was required by the terms of said contract."

The appellant, as appears from the evidence, on the 28th day of July, 1873, entered into a written contract with Lavina A. Herrick, guardian of certain minors, to furnish all the materials and build and complete for her a block of buildings on a certain street in Chicago, on or before the 15th day of December following. The work was to be completed

according to specifications and drawings by L. B. Dixon and F. B. Hamilton, architects, to the acceptance of L. B. Dixon, superintendent of the work, for the sum of $50,750, to be paid on the certificates of the superintendent.

On the 2d day of August, 1873, appellees entered into a written contract with appellant to furnish and complete all mason work and plastering for the buildings on or before the 15th of October. 1873, according to the specifications and drawings attached to the contract, made by L. B. Dixon and F. B. Hamilton, architects; the work to be completed to the acceptance of L. B. Dixon, superintendent, for the sum of $13,750; 85 per cent of the contract price was to be paid as the work progressed, and the balance, of 15 per cent. upon the acceptance of the work by L. B. Dixon, superintendent. provided that in each of the said cases of payment, a certificate should be obtained signed by Dixon, superintending architect. The contract also provided that payments made for the work under the contract, or for extra work, should in no case be construed as in acceptance of the work, but the contractors should be liable to all the conditions of the contract until the work should be finished and accepted by the architect, and such acceptance should be signed by the architect, in order to bind the parties to the contract.

The contract contained the further provision, that if any difference of opinion should arise as to the quality or quantity of work or materials, or any other matter connected with the work or furnishing materials, the decision of the superintending architect should be final and binding on the parties to the contract.

While the work was in progress, appellees received certificates from the architect for various sums of money, which were paid by appellant, and at the time the action was commenced, the 85 per cent named in the contract had all been paid, but the work done upon the building, and the materials furnished, not having been satisfactory to the architect, he had not accepted the work in writing, nor had he given a

certificate for the balance reserved by the terms of the contract, until the work should be finally accepted.

It is clear that, by the terms of the contract which the parties to this record executed, appellant was not required, and could not be compelled, to make any payment on account of the work and materials, except upon the presentation of the certificate of the architect, Dixon; and as to the 15 per cent, it is also plain that it only became payable upon the acceptance of the work, after completion, by the superintendent, and upon presentation of a certificate signed by him.

The parties have seen proper to incorporate in the contract these provisions, and to provide this particular mode of payment, and with it they must be content. Courts are powerless to disregard the terms of a contract plainly expressed, but, on the other hand. it is their duty to enforce them according to the intent of the parties, as shown by the language used in the contract.

Appellees failed to procure the acceptance of the work by the architect, Dixon, and his certificate, and upon what ground they could expect to recover, we can not conjecture, when, by the terms of the contract, they agreed that he should accept the work, and give a certificate as a condition precedent to payment, and also made his decision final, and constituted him the sole judge to settle difference of opinion that might arise as to quality or quantity of work, or any other matter connected with the work or furnishing material.

The question here presented is not a new one in this court. The principle involved in this case was settled in *McAuley* v. *Carter*, 22 Ill. 53, in which it was held, under a contract not unlike the present one, that, where the parties to a building contract agree that the superintendent shall pass upon the work, and certify to the payments to be made, his decision is binding, unless fraud or mistake on his part shall be shown. See, also, *The Board of Trustees of Ill. and Mich. Canal* v. *Lynch*, 5 Gilman, 526, *McAvoy* v. *Long*, 13 Ill. 147, and *Korf* v. *Lill*, September term, 1874.

It is, however, claimed by appellees, that the written contract offered in evidence was never perfected, executed or delivered.

Appellees do not deny the signing of the contract, and there is no pretense that it was not left with Dixon, the architect, and that he held it for the benefit of both parties. This is all the delivery that was necessary. The precise date appellant signed the contract is not shown, nor is it material. It was executed by appellees and left with Dixon, and, within a few days, appellant's attention was called to the contract, and he signed it.

It is claimed by appellees that, at the time they signed the contract, it had been agreed, and was understood, that certain changes should be made in the specifications, which has never been done, and hence it is said the contract was never completed.

If the specifications were attached to the contract at the time appellees executed it, and there can be no doubt, from all the evidence, that such was the case, then it matters not what previous understanding or arrangement existed, all prior or contemporaneous agreements were merged in the contract as executed.

In addition to this, the work was done and materials furnished under the contract and specifications attached, and the money paid by appellant was received by appellees and receipted for by them to apply on the contract which they now undertake to say was not completed. By these various acts, they are estopped from now saying the contract was not completed.

It is, however, claimed by appellees that the production of a certificate from the architect has been waived by the acts of the parties.

While it is true, the building was turned over by appellant to the owner. who took possession of the same, yet we see nothing in the conduct of appellant, or the architect, that can be regarded as a waiver of the plain requirements of the con-

tract.   Indeed, it is a part of the contract itself, that the contractors shall be liable to all the conditions in it contained until the work shall be finished and accepted by the architect, and the acceptance is required to be signed by the architect, to be binding on the parties to the contract.   But it is claimed by the attorney of appellees, that the judgment rendered may be sustained under the proof for extra work. That clause of the contract is a complete answer to this position, which provides that, if the proprietor or architects should make any alterations, or deviate from the specifications, such alteration was not to make void the contract, but the alteration should be valued by the architect.

Whatever claims appellees may have for extra work, must be passed upon and valued by the architect.   Such has never been done, nor do we understand, from the evidence, that application has ever been made to him for that purpose.

We see no ground upon which the judgment can be sustained; it will therefore be reversed.

*Judgment reversed.*