GEORGE A. ARNOLD *et al.*

*v.*

AUGUSTUS BOURNIQUE.

*Filed at Ottawa, January 19, 1893.*

1. BUILDING CONTRACT — *to pay on architects' certificate — its conclusiveness.* Where a building contract provides that the contract price, etc., agreed to be paid for the erection of a building, shall be paid by the owner to the contractors " upon the presentation of certificates signed by " the architects therein named, who are to settle all disputes and adjust the accounts, a recovery may be had upon the execution of the architects' certificates of the sum due, without first presenting the same to the owner of the building. In such case the presentation of the certificate is not one of the substantial requirements of the contract, but the decision in writing by the architect of the sum due is the substantial part thereof.

2. In such case, when the architect has adjusted the accounts, determined the amount due from the owner to the contractor, and has delivered to the latter a final certificate of such sum so found due and owing, the rights of the parties will thereby become fixed, and the fact that the contractor does not keep such certificate, or hands it back to the architect, will not change the relations or rights of the parties, nor will such act affect the validity of the certificate, but its validity will remain the same after it is returned as before.

3. Where a building contract provides that in case of a disagreement relating to the extra work or work to be deducted, or in regard to the performance of any covenant, the decision of an architect in respect thereto shall be final, the execution and delivery of a certificate by him of the value of the extra work and work deducted, and of the sum due the contractor, will be conclusive on both parties to the contract, unless fraud or mistake is shown.

4. SAME — *architect's certificate — condition precedent.* Where, by the terms of a contract under which materials are furnished and labor

is performed in the erection of a building, it is provided that payment shall only be made upon the certificate of an architect, the law is well settled that the obtaining of such certificate is a condition precedent to the payment of the money, and an action can not, as a general rule, be maintained to recover the money until the certificate has been obtained from the architect.

5. SAME — *certificate fraudulently withheld.* If, however, the materials have been furnished and the work completed according to the contract, and a certificate has been demanded from the architect and fraudulently withheld by him, the contractor will be relieved from the necessity of procuring the architect's certificate.

6. PRACTICE — *directing what the verdict shall be.* Although the plaintiff's evidence may wholly fail to establish a cause of action under one count of his declaration, yet if it is sufficient to make a *prima facie* case under another count, it will be error to instruct the jury to find for the defendant.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Superior Court of Cook county ; the Hon. THEODORE BRENTANO, Judge, presiding.

Mr. ALBION CATE, for the appellants :

Plaintiffs should have been allowed to introduce evidence of the value of the labor and materials furnished. *Davidson* v. *Proost,* 35 Ill. App. 129 ; *Bentley* v. *Davidson,* 74 Wis. 420 ; *Fowler* v. *Deakman,* 84 Ill. 130.

When it is provided in the contract that the decision of an architect shall be final on all questions of difference arising under the contract, his decision that the work is completed in conformity with its terms is conclusive, unless impeached for fraud. *Downey* v. *O'Donnell,* 86 Ill. 49.

It matters not whether the contention be that the architect did issue a final certificate, and that certificate exists in contemplation of law, although lost and out of the power of plaintiffs to produce, or whether the contention be that the architect arbitrarily and captiously refused to issue the certificate ; in either case the plaintiffs, on a showing that they had completed the contract, would be entitled to recover.

In *Badger* v. *Kerber*, 61 Ill. 328, the rule is laid down that when the superintendent selected by the parties capriciously or fraudulently refuses to give the contractor a certificate of completion, the latter is not thereby debarred from recovery after performance.

Mr. GEORGE W. BRANDT, for the appellee :

If an action could not be maintained on the express contract between the parties, no action at all could be. Chitty on Contracts, 23 ; *Walker* v. *Brown*, 28 Ill. 378 ; *Ford* v. *McVay*, 55 id. 122 ; *Compton* v. *Payne*, 69 id. 354 ; *Kellogg* v. *Turpie*, 93 id. 267 ; *Chicago* v. *Sexton*, 115 id. 242.

The obtaining by appellees from the architect of a certificate for the payment of money and the presentation thereof, were conditions precedent to any right of action by appellants. *Packard* v. *Van Schoick*, 58 Ill. 82 ; *Coey* v. *Lehman*, 79 id. 176 ; *Barney* v. *Giles*, 120 id. 154.

There is no count in the declaration on which appellants could recover, except the first, and as there is no evidence tending to prove that, appellants could not recover. *Elder* v. *Hood*, 38 Ill. 536 ; 1 Chitty on Pleading, 140 ; Chitty on Contracts, 173 ; *Cutter* v. *Powell*, 6 T. R. 320.

Appellants having elected to declare the conduct of Burnham & Root in November, 1883, when they offered the paper to them, fraudulent and void, are forever thereafter estopped to allege that such conduct was valid and binding. Bigelow on Estoppel, 642 ; *Kellogg* v. *Turpie*, 93 Ill. 265 ; *Morris* v. *Rexford*, 18 N. Y. 552 ; *Redmond* v. *Clark*, 46 id. 354 ; *Field* v. *Bland*, 81 id. 239 ; *Sloan* v. *Holcomb*, 29 Mich. 153 ; *Thompson* v. *Howard*, 31 id. 308 ; *Brown* v. *Pitney*, 39 Ill. 468 ; *Glover* v. *Benjamin*, 73 id. 42 ; *Bradley* v. *Coolbaugh*, 91 id. 148.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was an action of assumpsit brought by Arnold &. Taggart, appellants, against Augustus E. Bournique to recover

a balance claimed to be due on a building contract, executed by the parties on the 1st day of March, 1883. On the trial in the Circuit Court, after the plaintiffs had closed their testimony, on motion of the defendant, the court instructed the jury to find for the defendant. Under the instruction a verdict was returned for defendant, upon which the court entered a judgment which, on appeal, was affirmed in the Appellate Court. In order to determine whether the court erred in the instruction to the jury, it will be necessary to refer briefly to the testimony introduced by the plaintiff. Under the contract executed by the parties, and read in evidence, plaintiffs' carpenters agreed to do all the carpenter work and furnish the material therefor for defendant's dancing academy and dwelling-house on Twenty-third street, Chicago, in consideration of which defendant agreed to pay plaintiffs, " upon the presentation of certificates signed by the said Burnham & Root (who were the architects named in contract), the sum of $11,254.30 * * * ; damages for delay, as mentioned in the specifications, shall be deducted from the contract price as liquidated ; and, furthermore, fifteen per centum of the value of all work done and materials furnished shall be held back until this contract is declared by said Burnham & Root completed ; or, if the contract is completed at specified time or times, said fifteen per cent kept back shall then be paid forty days after the work of this contract is declared by architects finished, provided said work and materials are free and discharged from all claims, liens and charges." The contract also contained the following clause : "And in case the parties shall fail to agree as to the time, value of extra or deducted work, or the amount of extra time, the decision of the architects shall be final and binding ; the same in case of any disagreement between the parties relating to the performance of any covenant or agreement herein contained."

The plaintiffs, after reading the contract in evidence, introduced evidence tending to prove that, after the contract was

executed, the plaintiffs proceeded with the work under the con-
tract, and fully completed their contract, as they claimed,
about the last day of October, 1883. As the work progressed,
the defendant paid, on certificates issued by the architects,
$8800. In November, 1883, plaintiffs called on Burnham &
Root for a final certificate of the balance due under the con-
tract, claiming also for extras. On the 22d day of November,
Burnham & Root adjusted the accounts of the plaintiffs, al-
lowing a certain amount for extras, and deducting certain
amounts for work left off, and as showing the conclusion
reached on the amount for extra work claimed, and as respects
the deductions they gave plaintiffs two papers as follows :

" Deduction for work left off and defective workmanship
done by Taggart & Arnold, ℅ A. E. Bournique:

     Total.................................... $238 91
     Also, extras."

                      " CHICAGO, *November* 22, 1883.
Items allowed Taggart & Arnold on Bournique:

     Total................................. $281 75."

These two papers were delivered as the final decision of the
architects on the two questions embraced therein. A few days
after the above papers were delivered, the architects, Burnham
& Root, made out and delivered plaintiffs or one of them a
final certificate for $1747, the balance due from the defendant
to plaintiffs under the contract, and for extras, after allowing
for deductions in favor of defendant. This final certificate
was executed by the architects and delivered to one of the
plaintiffs, who, being dissatisfied with the amount, handed it
back to Burnham & Root. Some time after the certificate was
handed back, plaintiffs called on Burnham for the certificate,
but they failed to get it, Burnham informing them that he had
made out one certificate and would not make another.

The theory upon which the Circuit Court instructed the
jury to find for the defendant, as we understand from the

·record, was that the plaintiff could not recover unless he had first obtained a certificate from the architects of the balance due, and presented that certificate to the defendant; that the presentation of a certificate under the contract was a condition precedent to a recovery.

Where, by the terms of a contract under which materials are furnished and labor is performed in the erection of a building, it is provided that payment shall only be made upon the certificate of an architect, the law is well settled that the obtaining of such certificate is a condition precedent to the payment of the money, and an action can not, as a general rule, be maintained to recover the money until the certificate has been obtained from the architect. *Packard* v. *Schoick*, 68 Ill. 80; *Cory* v. *Lehman*, 79 id. 176; *Barney* v. *Giles*, 120 id. 154.

If, however, the materials have been furnished and the work completed according to the contract, and a certificate has been demanded from the architect and fraudulently withheld by him, the contractor will be relieved from the necessity of procuring the architect's certificate. *Michaelis* v. *Wolf*, 136 Ill. 68.

In the first count of the declaration it was averred that the defendant had fraudulently prevented the architects from issuing a certificate, and that they, the architects, had wrongfully and fraudulently neglected and refused to issue a certificate; and on the first trial of the cause the plaintiffs undertook to establish the averments of the declaration. In this, however, they did not succeed. Subsequently, and on October 27, 1888, an additional count to the declaration was filed, in which the plaintiffs, after setting out the building contract, averred that as to deductions and extras Burnham & Root were to decide, and their decision was to be final, as well as to all payments to plaintiffs and all other matters growing out of and pertaining to the performance of all of said work and promises, and that defendant promised to pay plaintiffs such sums as Burnham & Root should adjudge due them.

That after the completion of said work on, to-wit: November 1, 1883, said architects made a full and final adjudication in writing, which they signed, of the final amount and balance due plaintiffs for said work and material, and passed upon all deductions and extras, in which writing they found that there was due from defendant to plaintiffs a balance of $1747. That by means of the premises defendant became indebted to pay plaintiffs the said sum of $1747 when requested, yet, although often requested, hath hitherto refused.

The evidence of the plaintiff in regard to the adjustment of the accounts of the parties by the architects, and the execution and delivery of a final certificate showing the balance due the plaintiffs, was introduced for the purpose of sustaining the averments of the additional count of the declaration, and we are inclined to the opinion that the court erred in taking the case from the jury by the instruction.

By the terms of the contract itself the parties had agreed that in case of disagreement relating to extra work, or work to be deducted, or in regard to the performance of any covenant of the contract, the decision of the architects should be final. Under this provision of the contract, after the labor and materials had been furnished and the job completed, the plaintiffs had the right to prove that their accounts for labor and material had been adjusted by the architects, and that the amount due had been determined, and a final certificate made and delivered to them, showing the amount then due. The execution and delivery of the certificate by the architects was final and conclusive upon both the plaintiffs and the defendant, unless fraud or mistake was shown, which is not pretended on either side. *McAuley* v. *Carter*, 22 Ill. 53; *Korf* v. *Lull*, 70 id. 420; *Same* v. *Same*, 84 id. 225. When the architects had adjusted the accounts, determined the amount due, and executed and delivered to plaintiffs a final certificate, the rights of the parties became fixed. The fact that the plaintiffs did not keep the final certificate, but handed it back to the architects, did

not change the relation or rights of the parties, nor did such act affect the validity of the certificate ; its validity remained the same after it was returned as it was when in plaintiffs' hands.

It is, however, claimed that the defendant could only be made liable to pay upon the presentation of the certificate to him by the plaintiffs, and as the plaintiffs failed to present the certificate, they could not recover. We do not concur in this view. A recovery may be had on a promissory note payable on demand, although no demand has been made. So also an action may be maintained on a certificate of deposit which provides that it is payable on return of the certificate properly indorsed, although no return of the certificate has been made. *Hunt* v. *Divine*, 37 Ill. 137. We perceive no reason why a different rule should be applied to a certificate of this character. Suppose plaintiffs had lost their final certificate after it was issued, and it had been destroyed so that it never could be presented to defendant, would they be precluded of a recovery? A rule of that character would be unjust, and might in many cases result injuriously to parties. The presentation of the certificate was not one of the substantial requirements of the contract. As has been substantially said before, the decision of the architects, reduced to writing and signed by them, was the substantial act which determined the right of plaintiffs to the money, and determined the obligation of the defendant to pay. From what has been said it follows that the instruction of the court was erroneous. The judgment of Appellate and Circuit Courts will be reversed and the cause remanded to the Circuit Court.

*Reversed and Remanded.*