### Herman Classen v. A. W. Davidson.

1. CONTRACTS—*Not to be Nullified by Courts or Juries.*—A contract for tiling a farm provided that the work should be done under the supervision of a certain surveyor and that payment should be made when he accepted the same in writing. The surveyor having acted, it was held that his decision was binding unless fraud or mistake on his part should be shown, and that the contract should not be nullified merely because the opinion of the court or jury was different from the surveyor on the question as to whether the work was in accordance with the contract.

Assumpsit, for work, labor, etc. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1894. Affirmed. Opinion filed December 13, 1894. Rehearing denied June 19, 1895.

C. H. PAYSON, attorney for appellant.

S. S. CONE, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

The parties to this suit entered into a written contract March 21, 1893, by which appellee agreed to lay tile under the supervision of C. G. McDougal, surveyor, and wherever said surveyor might direct, upon certain lands of appellant therein described, so as to drain the same thoroughly to

two outlets therein named, and to have the same completed on May 1, 1893; and appellant agreed to pay for the work nine cents for one foot deep and one rod long after the work should be accepted by said surveyor. It was stipulated that appellant should retain one hundred dollars to secure the due performance and finishing of the contract and an acceptance of the same in writing by the surveyor, stating that the work was thoroughly finished as specified.

The surveyor laid out drains on the land, located ditches, leveling and staking them, made a profile and supervised the drainage. Appellee laid tile where directed by the surveyor, and on May 7, 1893, the surveyor, after inspection, made his written acceptance of the work excepting one branch, in which he found a worthless tile, and two hundred feet where the tile was four inches above grade, and with a deduction of two dollars and twenty-five cents for fixing a ditch, and certified the amount due appellee to be two hundred and forty-seven dollars and fifty-five cents. The ditch where the worthless tile was found had caved in and covered the tile except at that place. He gave no further direction to appellee. It was then time to cultivate the land, which was to be planted with corn, and the ditches must be filled. They were filled where not already caved in, and appellant paid one hundred and forty-seven dollars and fifty-five cents to appellee, leaving one hundred dollars due by the terms of the surveyor's acceptance. This suit was begun by appellee before a justice of the peace, and was taken by appeal to the Circuit Court, where a trial resulted in a verdict for appellee for one hundred and twenty-six dollars and nineteen cents. A remittitur was entered for one dollar and nineteen cents and judgment was entered for one hundred and twenty-five dollars and costs.

At the trial in the County Court there was no claim nor any evidence tending to prove that the surveyor was guilty of any fraud or actuated by any improper motive, or that he was mistaken as to any matter of fact, either as to there being a worthless tile in one branch or a high place in another; but plaintiff claimed and recovered for the work not

accepted as well as that accepted, on the ground that the surveyor's reason for refusing acceptance was not good and sufficient. The court instructed the jury that the provision in the contract did not authorize the surveyor to refuse to give a written acceptance of the work without a reasonable cause, and by the third instruction they were told as a matter of law that his refusal to accept one ditch because he found a bad tile in it was unreasonable, and would not prevent plaintiff from recovering pay for said ditch at the contract price. The ninth instruction stated as matter of law, that the surveyor was bound to make such an examination as would enable him to know whether the work was according to contract or not, and if he made the examination on Sunday with a stick, and without surveying instruments, and did not know whether there were other bad tile in the ditch, he had no right to refuse to accept the ditch on suspicion that there were others. By the seventh instruction it was left to the jury as a matter of fact to find from the evidence whether the refusal to accept the ditch in which a bad tile was found was reasonable or not, and they were told that if they found it unreasonable it would not prevent plaintiff from recovering the contract price for the ditch. It is not clear whether the reasonableness of the refusal to accept was regarded as a question of law or fact, as it was given to the jury as both, and both court and jury decided it against defendant.

The contract provided for payment after a written acceptance by the surveyor. He acted and made his certificates, and the law is that his decision was binding upon the parties unless fraud or mistake on his part should be shown. McAuley v. Carter, 22 Ill. 53; Packard v. VanSchoick, 58 Ill. 79; Coey v. Lehman, 79 Ill. 173; Downey v. O'Donnell, 92 Ill. 559; Michaelis v. Wolf, 136 Ill. 68; Arnold v. Bournique, 144 Ill. 132. Under these authorities the contract of the parties should not be nullified merely because the opinion of the court or jury should be different from that of a drainage engineer on the question whether the work was in accordance with the contract.

There has been a remittitur entered in this court of twenty-five dollars from the judgment, leaving only one hundred dollars which was due by the terms of the acceptance, and the judgment has been thereby relieved of the objections on account of the foregoing errors. The remittitur covers any allowance made for work not accepted, and a small sum for damages, which, we think, were not proved.

There are other objections which go to the remainder of the judgment. The work was to be completed by May 1, 1893, and was not finished on that day, but defendant stated on the trial that he made no claim of any kind on that account, and exception is taken to the giving of three instructions concerning the delay and waiver of that provision. As all claims that could arise under the provision were distinctly waived on the trial, it was needless to tell the jury what facts would make defendant responsible for the delay, or by what conduct he could waive the provision. The instructions should not have been given, as they had no tendency to aid the jury in deciding any question before them, but they do not, alone, afford ground for reversal.

It is also urged that the one hundred dollars to be retained by defendant until the completion of the contract, never became due, because the work was never accepted by the surveyor as thoroughly finished. The contract was to lay the tile wherever the surveyor might direct. The parties to the contract did not fix the extent of the work otherwise than that it should be where he directed, to drain the land thoroughly to the two outlets named. If tile was laid wherever he directed, the plaintiff was entitled to recover. When he gave his acceptance he ordered the ditches all filled up, and gave no directions to do anything further. He had originally included in his plan and direction the rejected work, but he seems to have abandoned that direction. Defendant immediately commenced his farming operations on the land and planted it in corn.

As the surveyor was to decide where the tile should be laid and abandoned the rejected work, giving his acceptance and finding the amount due, we regard it sufficient to en-

title plaintiff to recover according to its terms. The amount due was one hundred dollars, and the judgment for that amount is affirmed. Appellee will be required to pay the costs in this court.

Judgment affirmed.