# The Joseph N. Eisendrath Company v. John Gebhardt, et al.

## Gen. No. 12,252.

1. Decree—*when findings of fact not necessary to support.*    A decree need not be supported by its own findings of fact where it is entered upon overruling a demurrer to the bill, if the facts averred in such bill be sufficient to sustain it, inasmuch as the demurrer admits all facts averred in the bill which are well pleaded.

2. New cause of action—*when amended petition for mechanic's lien does not set up.*    An amended petition for a mechanic's lien does not set up a new cause of action where the contract averred is the same as that relied upon in the original petition as to price, architect, certificate, property and parties, and differs only in minor particulars.

3. Mechanic's lien—*when petition for, filed in apt time.*    Where the final payment is not due until thirty days after the issuance of the architect's final certificate, a petition filed within four months after the lapse of said thirty days, is in apt time.

4. Mechanic's lien—*when contract will support.*    A contract sufficiently fixes the date for the completion of the work where such contract includes excavating, concrete foundations, rubble stone work, pressed brick and cut stone work, etc., and provides the date for completing the "entire masonry," inasmuch as the term masonry is generic and includes all the prior specifications of the contract as recited.

Mechanic's lien proceedings. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 18, 1906.

**Statement by the Court.** December 16, 1903, appellees filed a bill against appellant to enforce a mechanic's lien upon premises therein described. It is alleged that June 1, 1903, appellees made a contract with appellant, in which they agreed to provide all the materials for and to do the masonry work of a warehouse upon said premises then and still owned by appellant. That on said date the parties hereto entered into a written contract with drawings and specifications attached, which is made a part of the bill, to evidence their agreement. That appellees performed said contract in every respect, and under a subsequent contract also performed extra work upon said premises to the amount of $86. That October 5, 1903, they procured from the architect of said building a certificate in writing that they had completed their part of said contract according to the terms and conditions thereof. That upon the last mentioned date appellant accepted said building and took possession thereof and has ever since occupied the same. That there is yet due to appellees from appellant under said contract the sum of $1,491. That they have demanded said sum from appellant, but it has neglected and refused to pay the same; and they therefore pray for a mechanic's lien upon said premises, etc.

The written contract referred to provides that appellees shall complete the entire work upon their part to be performed on or before November 1, 1903; that the sum to be paid them for the work and materials is $8,930; that appellant shall pay 85 per cent of the amount of the work done as it progresses, and the final payment within 60 days after the contract is fulfilled; and that such payments shall be made upon the written certificate of the architect.

Appellant filed an answer, in which, in detail, it denied all the material allegations of the bill. A replication was filed, and the cause was referred to a master May 13, 1905.

Joseph N. Eisendrath Co. v. Gebhardt.

November 10, 1904, appellees filed an amended bill, in which they state that a written contract was entered into between the parties hereto on or about April 22, 1903, by which appellees were to do the masonry, excavating, etc., complete, for a factory warehouse for appellant upon premises owned by it. This contract is made a part of the bill. They further allege that within the time specified in said contract, and in accordance with its terms, they completed said work, and under a subsequent contract, performed other work to the amount of $86. That there is yet due them under said contract the sum of $1,491, and they are entitled to a lien for that sum with interest from October 15, 1903.

The contract attached to the amended bill is dated April 22, 1903. By its terms appellees agree to provide all the materials and to do all the work for the masonry, excavating, etc., complete for the factory warehouse. "The contractor shall complete the several portions and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated; the entire masonry work to be completed on or before July 1, 1903." The amount stipulated to be paid for said work is $8,930; three payments of 85 per cent of the work done as the work progresses, and the final payment to be made within 30 days after the contract is fulfilled; all payments to be made upon written certificates of the architect that such payments have become due, and that "no certificate given or payment made under this contract, except the final certificate, or final payment, shall be conclusive evidence of the performance of this contract; either wholly or in part." By the first article of the contract the architect is made the agent of the owner.

Appellant filed a general and special demurrer to the amended bill, the grounds of demurrer being that the contract set forth does not provide a definite time of payment, that the bill was not filed in apt time, that the time when said work was completed is not set out in the bill, and that appellees have not stated such a cause of action as warrants a recovery. The demurrer was overruled and appellant electing to stand by it, the court entered the following decree:

"Now come the complainants and defendant, by their respective counsel, and the cause coming on to be heard upon the amended bill of complaint, and the demurrer of the defendant heretofore overruled by the court, and the defendant electing to stand by said demurrer, on motion, order of reference heretofore rendered is set aside, and the court having heard the evidence finds that the court has jurisdiction of the parties and of the subject matter; that the complainants and defendant entered into a certain written contract for the masonry, excavating, etc., on the 22nd day of April, A. D. 1903, complete for factory warehouse to be built for defendant as set forth in the contract, for the sum of eighty-nine hundred and thirty dollars ($8,930) to be paid in current funds by the defendant to the complainants in installments, three payments to be made upon application, each 85% of the amount of the work done. The final payment to be made thirty days after the contract was fulfilled, and all to be made upon written certificates of the architect to the effect that such payments had become due and that upon October 5, 1903, complainant received from the architect a certificate in the following words and figures:"

Then follows a copy of the architect's certificate, showing the contract price, three payments amounting to $7,500, and the balance due $1,491.

"That said certificate was presented to defendant and payment refused. The court finds there is due $1,491 upon and under the terms of said contract and said architect's certificate, with interest, etc., and attorney's fees, amounting to $74.50.

"The court finds that the complainant complied with the terms of the contract, and that the materials and labor used on said premises constitute an additional and valuable improvement. Orders, adjudges and decrees that the defendant pay the complainant the amount of $1,671.11, together with interest, within ten days, and if the same is not paid the premises be sold."

Whereupon appellant perfected this appeal.

FRANK F. REED and ELMER H. ADAMS, for appellant.

Joseph N. Eisendrath Co. v. Gebhardt.

ERNEST SAUNDERS, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant contends that the decree does not contain a sufficient recital of facts to sustain it.

The court finds that the parties entered into the contract of April 22, 1903, for the masonry, excavating, etc., complete for the factory warehouse to be built for appellant as set forth in the contract; finds the sum to be paid for such labor and material, and the manner of paying the same; finds that final payment was to be made thirty days after the contract was fulfilled; finds that all such payments were to be made upon written certificates of the architect that they had become due, and that October 5, 1903, appellees received from the architect a final certificate, which is set out in full; and that this certificate was presented to appellant and payment refused.    The court further finds $1,491 is due under the terms of the contract and the architect's certificate, with interest, and attorney's fees amounting to $74.50.    The court further finds that appellees have "fully complied with the terms of the contract, and that the materials and labor used on said premises constitute an additional and valuable improvement."

The demurrer admits all the material allegations of the bill which are well pleaded.    This being so, if the bill states a good cause of action, the decree need not set out the evidence.    In the bill all the facts necessary to sustain the decree are set forth; and it states that appellees "did in all respects comply with said contract and specifications and drawings thereto attached by them required to be performed." It further alleges that October 5, 1904, after the completion of said contract, appellant accepted the building, took possession of, and ever since has occupied the same.    By the contract the final certificate of the architect, who is named as the agent of appellant, is made conclusive evidence of the performance of the contract.    We are of the opinion that the bill is good and that the decree is sufficient.

The amended bill is not a new cause of action.    For some

reason not shown, the original bill, which sets out the con-
tract, and the contract attached thereto, do not in date and
in a few other minor particulars agree with the allegations
of the amended bill and with the contract filed therewith.
But the work agreed to be done as alleged in the two bills,
and as stated in the two contracts, is the same, the price is
the same, the architect is the same, the certificate is the same,
the property is the same, the parties are the same, and the
relief asked is the same. We therefore are of the opinion
that the same cause of action is set out in each of the bills,
and that the original bill is a defective statement of the
cause of action set forth in the 'amended bill.

The contract in this case provides that the work shall be
completed July 1, 1903. The final payment is to be made
thirty days thereafter upon the obtaining of the certificate
from the architect. That certificate was not issued until
October 5, 1903.

In Packard v. Van Schoick, 58 Ill., 79, where the building
contract provided that payments should be made only upon
the estimate and certificate of the superintendent of the work,
it was held that the obtaining of such certificate is a con-
dition precedent to the payment of the money, and that an
action to recover therefor, before it was obtained, was pre-
maturely brought. Where by contract the parties have fixed
upon a particular mode by which the right to payment is to
be ascertained, the contract furnishes the law of the case
and that mode must be followed.

In Weber v. Bushnell, 171 Ill., 587, the work upon the
building was to be completed April 1, 1895, and final pay-
ment was to become due forty days after the work was com-
pleted. The architect's final certificate was not issued until
September 17, 1895. The court held that the final pay-
ment under the contract did not become due until forty days
after the last named date; and hence a statement of claim
for lien filed by the contractors with the clerk of the Cir-
cuit Court November 12, 1895, was within four months after
final payment became due as required by the statute. So
here, the final payment did not become due and enforceable

until the 5th of October, 1903, and the original bill in this case having been filed December 16, 1903, this suit was commenced within four months after the time the money became due.

Appellant contends that the contract fixes no time for the completion of the work. The provision in this regard is, "The contractor shall complete the several portions and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, the entire masonry to be completed on or before July 1, 1903." It is argued that as the contract includes excavating, concrete, foundations, rubble stone work, pressed brick and cut stone work, etc., the naming of the date for the completion of the "entire masonry" did not fix a date for the completion of the remainder of the work provided for in the contract, and that hence no lien can be allowed under the Act of 1895. "Masonry" is a generic and therefore an inclusive word. It means " that which is built by a mason; anything constructed by a mason of the materials used by masons; such as stone, brick, tiles, or the like." Webster. The word "masonry" includes all that appellees agreed to furnish and to do in this contract. The objection is not well founded.

Finding no reversible error in the trial of this cause, we affirm the decree of the Superior Court.

*Affirmed.*