JOHN DOWNEY

*v.*

DENNIS O'DONNELL *et al.*

1. BUILDING CONTRACT — *architect's certificate, when conclusive.* When it is provided in a building contract that the decision of an architect shall be final on all questions of difference arising under the contract, his decision that the work is completed in conformity with the terms of the contract is conclusive until impeached for fraud.

2. But where the contract makes the time for completing the work essential, and provides for a forfeiture of $5 per day for every day the work shall remain unfinished, as liquidated damages, the architect's certificate of the completion of the work, and the sum due the contractor, but which fails to state the completion of the work within the time fixed, will not preclude the other party from insisting upon the damages agreed upon for delay in finishing and delivering up the building, and it is error to exclude evidence showing such delay.

3. SAME — *construed as to certificate of no sub-liens.* Where a building contract provides that a certain sum, being the balance of the price after certain other payments, shall be paid when the contractor shall produce to the owner proper vouchers showing payment to any and all sub-contractors and material-men who shall furnish labor, etc., the furnishing of such vouchers is a condition precedent to the payment of the last installment; and, when the proof shows this was not done, and no sufficient excuse for not so doing is shown, payment of such installment can not be enforced.

APPEAL from the Circuit Court of Cook County; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. H. B. & H. S. STEVENS, for the appellant.

Messrs. HOYNE, HORTON & HOYNE, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

4 — 86TH ILL.

This was a proceeding in the court below, to enforce a mechanic's lien, by appellees against appellant, for furnishing material and erecting and completing a house.

The court found that there was due from appellant to appellees, for work done and materials furnished pursuant to contract, the sum of $1,209, and that appellees were entitled to a lien therefor on the property described in the petition. The decree was, in accordance with the finding, that the property be sold to satisfy the amount found to be due. The work was done and materials furnished under a written contract, by which, among other things, it was agreed as follows:

"Agreed, further, especially, by the contracting parties, that time is of the essence of this contract; and it is also agreed that if said work is not completely finished and delivered up to the party of the second part, as aforesaid, that the party of the first part shall forfeit and pay to the party of the second part, as liquidated damages, the sum of five dollars per day for every day said work remains unfinished and undelivered, which sum or forfeiture the party of the second part shall have a right to deduct out of any moneys that may be due and owing to the party of the first part on account of the work.

"In case of any addition, deduction, or alteration in the work, and the parties can not agree upon the value of the same, it shall be referred to the architect, and in this, as in all questions of difference arising under the contract, his decision shall be final. If the party of the first part does not commence the work at the time contemplated by the contract, or, having commenced it, refuses or neglects to prosecute it, so as to complete it at the time required by the contract, the party of second part may, after six days' notice, employ such other persons as may be necessary to complete the unfinished parts of the building as remain incomplete, and all the bills of such persons so employed shall be deducted out of any moneys that may be due to the party of the first part on account of the work.

"Party of second part agrees to pay, on the certificate of the architect certifying the same, the full amount of $5,600, said sum to be paid as follows, to wit: in weekly payments, upon the certificate of De Forest and Fisher, until the full sum of $4,760 shall be paid, and the balance, being $840, when the party of the first part shall produce to the party of the second part proper vouchers showing payment to any and all sub-contractors and material-men who shall furnish labor and materials in the erection of said building ; said party of first part should also furnish to the party of the second part, at intervals of ten days, statements in writing of the number of persons in their employ upon the building, and sub-contractors, and how much, if anything, is due to them, or any of them, which statements shall be under oath."

The contract was dated May 26, 1873, but, by a subsequent agreement indorsed thereon, it was agreed that it should begin to run only from June 1, 1873.

One of the appellees testified to the doing of the work and the furnishing of the material, etc., pursuant to the contract, and the balance that was due therefor ; and appellees then gave in evidence the following certificate of the architects, according to whose plans and under whose direction the house was built, which certificate the appellee testifying said he presented to appellant on the day it bears date :

*"Chicago, November 15th, 1873.*

"Mr. John Downey, owner, will please pay to O'Donnell and Walsh, contractors, the balance due them on contract for labor and material furnished on your building, situate on the corner of Gold and Harrison Streets; the building being completed according to plans.

"DE FOREST & FISHER, *Architects.*"

Appellant offered to give evidence that the contract was not performed by appellees within the time it was agreed it should be, for the purpose of making claim to the $5 per

day forfeit provided for by the contract; but the court, on appellees' objection, excluded the evidence.

In this ruling we think there was error.

The decision of the architects is, until impeached, undoubtedly conclusive that the work was done, and that its quality was in conformity with the terms of the contract. But their certificate, as found in the record before us, does not show that the work was completed within the *time* provided by the contract, or, indeed, when it was completed. The parties voluntarily made time of the essence of the contract, and agreed that, if the work should not be " completely finished and delivered up " to the appellant within the time fixed for the completion of the contract, the appellees should " forfeit and pay " to appellant, " as liquidated damages, the sum of five dollars per day for every day said work should remain unfinished;" and such sum appellant is authorized to deduct out of any moneys due and owing from him to appellees on account of the work.

Conceding that, had there been dispute between appellant and appellees as to the *time* when the work was completed, it would have been proper to have referred the dispute to the arbitrament of the architects, appellees, in order to prevail on that question, should have shown that the matter in dispute had been considered and decided by the architects. In the absence of such a decision we think appellant was entitled to contest the amount due appellees, by showing a failure to perform the work and deliver possession at the time agreed upon, so as to offset the liquidated damages agreed to be allowed for the delay, and, consequently, that the evidence offered for that purpose was improperly excluded.

It is in evidence that appellees did not produce to appellant proper vouchers, " showing payment to any and all subcontractors and material-men " who performed labor and furnished materials in the erection of the building, before commencing suit. This, by the terms of the contract, is

made a condition precedent to the payment of the last $840, and it should have been strictly complied with, or sufficient excuse have been shown for not complying with it, which we do not think has been done in the evidence before us.

The decree is reversed and the cause remanded.

*Decree reversed.*