JOHN DOWNEY

*v.*

DENNIS O'DONNELL *et al.*

1. ERROR—*party can not complain, if it works no injury.* A party can not complain or have a decision reversed, even though it be erroneous, which does not prejudice his rights in some manner. So, in a suit to enforce a mechanic's lien against husband and wife, when the latter is no party to the contract, the husband can not complain that judgment was entered against him without making any disposition of the suit as to his wife.

2. AMENDMENT—*of bill or petition on the hearing.* Under the statute the court may, on the hearing, allow an amendment of a bill or petition to enforce a mechanic's lien, and if the defendant is surprised and not ready for trial in consequence thereof, he should apply for a continuance.

3. SAME—*whether it should be under oath.* A petition to enforce a mechanic's lien not being required to be under oath, if under oath, may be amended without the amendment being verified by oath.

4. EVIDENCE—*architect's certificate.* Where a building contract provides that the employer shall pay to the contractor a certain sum in weekly payments, upon "the certificate of the architect certifying the same," the omission in the certificate to state that the building is completed according to the specifications will not impair the validity of the certificate under the contract certifying the amount due.

5. Where parties to a building contract agree that a superintendent shall pass upon the work and certify as to the payments to be made, his decision is binding and conclusive unless impeached by showing fraud or mistake, and evidence to contradict such certificate without offering to show fraud or mistake is inadmissible.

6. CONDITION PRECEDENT—*waived by absolute refusal to pay.* Where the final payment of a contractor for building a house is not to be made until the contractor produces vouchers showing payment of any and all sub-contractors and material-men, and the owner of the building absolutely refuses payment after the work is completed, without giving any reason, or calling for the vouchers, this will be regarded as a waiver of the condition precedent, and the contractor may recover such payment without furnishing such vouchers.

7. INTEREST—*recoverable on written contract.* Interest is properly allowed on a balance due upon a written contract for the building of a house, at the rate of six per cent, such a contract being an instrument in writing, within the meaning of the statute.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

This was a petition, filed by Dennis O'Donnell and Patrick Walsh, against John Downey and wife, in the circuit court of Cook county, to establish and enforce a mechanic's lien against a certain lot and building.

The following is a copy of the architect's certificate:

"*Chicago, November* 15, 1873.

Mr. John Downey, owner, will please pay to O'Donnell & Walsh, contractors, the balance due them on contract for labor and material furnished on your building, situate on the corner of Gold and Harrison streets, the building being completed according to plans.

DE FORREST & FISHER, *Architects."*

Messrs. H. B. & H. S. STEVENS, for the appellant.

Messrs. HOYNE, HORTON & HOYNE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This case was before us at the September term, 1877, when the judgment was reversed and the cause remanded upon the ground that the court erred in excluding evidence offered by appellant to prove that the contract was not performed by appellees within the time it was agreed it should be. *Downey v. O'Donnell,* 86 Ill. 49. After the remanding order was filed in the circuit court another trial was had, the rejected testimony admitted, and, the court finding that appellees did not complete the building within the time required by the contract, according to the terms of the contract, a deduction of $225 was allowed from the amount due, as liquidated damages, being forty-five days at $5 per day. After making the deduction the court found still due appellees, on the contract, $825, which, with interest at six per cent from November 15, 1873, the time when the money as per the contract was due, amounted

to the sum of $1064.25, for which a decree was rendered. To reverse this last decree appellant appealed to the Appellate Court, and the decree having been affirmed in that court he again appealed to this court, and assigns various errors.

The first error is, that the circuit court erred in rendering a final judgment against appellant without making any disposition of the case as to his wife, Esther Downey, who was a defendant to the bill. Doubtless this was a technical error,—it was no doubt an oversight in preparing the decree; but conceding that the court erred in not disposing of the case as to appellant's co-defendant, the error did appellant no harm, and it is a familiar rule that a party can not complain of or reverse a decision which does not prejudice his or her rights. Appellant's wife was not a party to the contract,—she had no direct interest in the property,—and the failure to render a decree against her did not increase or lessen the liability of appellant, and he is in no position to complain of the action of the court in that regard.

On the hearing the court allowed appellees to amend their bill, and this ruling is relied upon as error. This objection is fully met by sec 37, chap. 22, Rev. Stat. 1874, p. 202, which is broad enough to allow the amendment. Had appellant been surprised at the character of the amendment, and if the amendment was such that he was not then prepared for trial, it was his right under the statute to have applied for and obtained a continuance. But no application of this character was made, and as the statute authorized such amendment the court did right in allowing it.

But it is urged, as the bill had been sworn to it was erroneous to allow an unsworn amendment. This being a mere petition to enforce a mechanic's lien, we are aware of no law that required the original petition to be under oath, and the fact that it was sworn to did not, in the least, add to its force or validity. Such being the case, we are satisfied that the amendment without oath was as good and valid as if it had been sworn to.

36—92 ILL.

The next point made is that the court erred in admitting in evidence the final certificate of the architect. It is urged that the certificate is defective because it does not contain the word "specifications." The statement therein, " the building being completed according to plans," omits, it is urged, a very important element. The force and effect of the certificate of the architect must be determined by the contract of the parties. The contract on this point declares, "party of second part agrees to pay on the certificate of the architect, certifying the same, the full amount of $5600, said sum to be paid as follows, to-wit, in weekly payments upon the certificate of De Forrest & Fisher until the full sum of $4760 shall be paid, and the balance when the party of the first part shall produce to the party of the second part vouchers showing payment to any and all sub-contractors and material-men who shall furnish labor and materials in the erection of said building."

It will be observed that the contract of the parties does not require the architect to state in his certificate that the work has been done according to plans and specifications, and the omission of that statement in no manner impairs its validity. Under the contract appellant was bound to pay at stated times upon the certificate of the architect, certifying the amount. This court has held in a number of cases that where parties to a building contract agree that the superintendent shall pass upon the work and certify as to the payments to be made, his decision is binding unless fraud or mistake on his part shall be shown. *McAuley* v. *Carter,* 22 Ill. 53. Indeed, when this case was here before it was expressly said, in regard to this certificate, that " the decision of the architects is, until impeached, undoubtedly conclusive that the work was done, and that its quality was in conformity with the terms of the contract." No evidence was offered tending to show fraud or mistake on the part of the architects, and as the certificate of the architects was conclusive between the parties, the offered

evidence to contradict the certificate was properly excluded by the court.

It is also contended that the proof fails to show that appellees furnished appellant vouchers showing payment to all sub-contractors and material-men who furnished labor or materials in the erection of the building, as required by the contract, as a condition to the final payment.

It appears, from the evidence, that after appellees obtained the final certificate from the architects, they procured vouchers from the sub-contractors and material-men, showing that they had all been paid, and one of them called upon appellant to get the balance due on the contract, but appellant absolutely refused payment, and before the vouchers could be produced appellant left, thus making it impossible for appellees to produce the vouchers. The absolute refusal of appellant to pay, without giving any reason, and his failure to call for the production of the vouchers, may be regarded as a waiver of the condition precedent to the final payment. If appellant desired the production of the vouchers as a condition to payment, it was his duty to notify appellees of that fact when demand of the final payment was made, and his silence when it was his duty to speak now precludes him.

It is also claimed that the court erred in allowing six per cent interest on the amount due from the time when it became due by the contract.

Sec. 2, chap. 74, Rev. Stat. 1874, p. 614, provides, that creditors shall be allowed to receive interest at the rate of six per cent per annum for all moneys after they become due on any bond, bill, promissory note or other instrument of writing. The contract in this respect may be regarded as an instrument of writing, within the meaning of the statute, and we perceive no reason why it was not proper to allow interest.

As no error appears in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*