# CHARLES W. LINDSEY
## v.
# AGNES MAUD LINDSEY.

*Divorce—Wife from Husband—Adultery—Desertion—Error in Bill as to Date—Amendment—Continuance—Practice—Sec. 37, Chancery Act.*

1. It is proper to deny a motion for a continuance by a defendant upon the amendment of a given bill, in the absence of a compliance by him with Sec. 37 of the Chancery Act.

2. The provisions of said section afford full protection in cases where such amendments result in surprise or disadvantage.

3. It is proper to direct that the answer on file in a given case shall stand as an answer to the bill therein amended upon hearing, unless the amendment is of such a nature as requires a specific answer.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. ALEXANDER W. McDOUGALD, for appellant.

Messrs. MASON BROS., for appellee.

MORAN, P. J.    This is an appeal from a decree of divorce rendered against appellant on the ground of adultery.    Appellee's bill as originally filed, charged desertion only.    Before the depositions of witnesses were taken, the bill was so amended as to charge adultery with a person named, at various times and on various occasions "from December 1, 1885, to November 1, 1886," at a certain street and number in the city of St. Louis and State of Missouri.    It was shown on the hearing that appellant was not in St. Louis during the time stated in the bill, but the testimony of the witnesses, which was clearly sufficient to prove the adultery, tended to fix the date a year or more earlier than that laid in the bill, at which earlier date appellant was in St. Louis.    Appellant in his deposition did not deny adultery, and seems to have relied on appellee's inability to prove it at the dates alleged in the bill. On the hearing the chancellor allowed the bill to be so amended as to bring the allegation into accord with the proof, and directed that the answer of appellant stand as an answer to the amended bill.    Thereupon appellant's solicitor asked for a continuance, but offered no affidavit in support of his request.    The court denied the continuance and directed a decree for appellee.

Appellant contends that the court had no power to direct that the answer on file should stand as an answer to the amended bill.

That is the usual course when the amendment of the bill is allowed on the hearing, unless the amendment is of such a nature as requires a specific answer.    Such practice is really of advantage to the defendant, as it treats the allegations of the bill as denied.    There was no request here to be allowed to answer further and it is apparent that no such leave

was desired.   Appellant's counsel asked for time to put in proof on the issue as it stood after the court had made the order now complained of.   The court was right in denying the motion to continue, appellant not having complied with the statute.   Sec. 37 of the Chancery Act provides that "no amendment shall be cause for a continuance, unless the party to be affected thereby, or his agent or attorney, shall make affidavit that in consequence thereof he is unprepared to proceed to trial of the cause at that time, and that he verily believes that if the cause is continued such party will be able to make such preparation."

If appellant or his counsel were surprised or taken at a disadvantage by the allowance of the amendment, the above provision of the law afforded protection.   Proper application under it would save appellant's rights.   Having made no such application in the court below, he has no right to complain here of the court's refusal to continue the case.   American Bible Society v. Price, 115 Ill. 623; Downey v. O'Donnell, 92 Ill. 559.

The evidence fully sustains the decree, and there being no error in the course pursued by the court, the judgment appealed from will be affirmed.

*Decree affirmed.*