## Metropolitan Life Insurance Company v. Chas. E. Long, F. J. Kurrus and George Guenther.

1. CONTRACTS—*Construction of.*—Where a person entered into a contract with an insurance company to become its agent and agreed that the actual condition of his accounts with the company should be determined by an inspection of his reports made by an authorized person, gave such person full power and authority to compute sums due to the company as it appeared from such inspection, and agreed to ratify his computations, waiving the production of any evidence other than such reports and accounts, *it was held* that in the absence of fraud or mistake the report of such person was conclusive.

**Assumpsit,** for money due. Appeal to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

WM. P. LAUNTZ, attorney for appellant.

ALEX. FLANNIGEN, attorney for appellees.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee Long was an agent of appellant, under a written contract which contained, among others, the following provision:

"I agree that the condition of my account with the company, either before or after the termination of my employment by the company, shall be ascertained and determined by an inspection of my weekly accounts. * * * Such inspection may be made at the direction of the company at any time, with or without notice to me, and by any person authorized by the company to make it; and when made, either before or after the termination of my agency, and whether I shall be present at the inspection or not, I agree that the actual condition of my accounts with the company shall be determined by the reports of the inspection as it shall be made by the authorized person aforesaid, and I hereby give such employe who shall inspect my agency, as

aforesaid, full power and authority to compute the sum due by me to the company, as it appears upon such inspection by him; and I hereby ratify his computations, and agree that the result thereof shall represent my indebtedness to the company, hereby waiving the production of any evidence other than such report and account."

An inspection of the appellee's accounts was made in accordance with the terms of the contract and a balance of $63.48 was found to be due the company.

The agent making the inspection and report gave a detailed statement of the method of arriving at said result, which it is not necessary to embody in this opinion. The appellee denied that he owed anything. The court instructed the jury on the basis of the contract, and yet the verdict was in favor of the appellee. The record has been examined and the conclusion reached that a judgment should not have been rendered on such a verdict. It is entirely unsupported by the evidence. The parties had agreed by the contract as to the method of settling disputes of this character, and where there is no fraud, and none is claimed in this case, the contract must prevail. This kind of a contract has been sustained in case of Dwiter v. Metropolitan Life Ins. Co., 24 N. Y. Sup. R., 731.

In principle the contract is similar to a building contract which provides that the architect or superintendent shall. decide all matters of difference between the parties, in which case his decision is conclusive, in the absence of fraud or mistake. McAuley v. Carter, 22 Ill. 53; Downey v. O'Donnell, 86 Ill. 49.

The judgment is reversed and the cause remanded.