## Metropolitan Life Ins. Co. v. Charles E. Long, F. J. Kurus and George Guenther.

1. VERDICTS—*When the Result of Prejudice or Misapprehension.*—When a general verdict or special finding is so manifestly against the weight of the evidence as to indicate prejudice or misapprehension on the part of the jury, the judgment rendered upon it must be reversed.

Debt, on a money bond. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

WM. P. LAUNTZ, attorney for appellant.

ALEXANDER FLANNIGEN, attorney for appellees.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

This is a suit upon a bond given by Charles E. Long, as principal, and F. J. Kurrus and George Guenther as sureties. It was commenced before a justice of the peace, and has been before this court on appeal from the Circuit Court of St. Clair County, and is reported in 65 Ill. App. 295.

Appellee Long was an agent of appellant under a written contract, which contained the following provision:

"I agree that the condition of my account with the company, either before or after the termination of my employment by the company, shall be ascertained and determined by an inspection of my weekly accounts. * * * Such inspection may be made at the direction of the company, with or without notice to me, and by any person authorized by the company to make it; and when made, either before or after the termination of my agency, and whether I shall be present at the inspection or not, I agree that the actual condition of my accounts with the company shall be determined by the reports of the inspection as it shall be made by the authorized person aforesaid, and I hereby give such employee who shall inspect my agency as aforesaid, full power and authority to compute the sum due by me to the company, as it appears upon such inspection by him, and I hereby ratify his computations and agree that the result thereof shall represent my indebtedness to the company, hereby waiving the production of any evidence other than such report and account."

In passing upon this provision, this court, in its opinion in 65 Ill. App. 295, before referred to, said:

"The parties had agreed by the contract as to the method of settling disputes of this character, and where there is no fraud * * * the contract must prevail," citing Dwiter v. Metropolitan Life Ins. Co., 24 N. Y. Sup. 731.

We adhere to this statement of the law. The trial court instructed the jury in accordance with it, but the jury manifestly disregarded the instruction. There was an inspection of Long's accounts by Schott, an agent of appellant, and we think that the evidence shows thatLong was invited to attend the inspection. Whether he was or not makes no difference under the stipulations of the contract. Nor do we think that there is any fraud or mistake proven in the inspection. It showed a balance due appellant of $63.48. The general verdict and the special findings are so manifestly against the weight of the evidence as to indicate prejudice or misapprehension on the part of the jury.

Judgment reversed and case remanded.