Thomas W. Magill, surviving partner of H. O. Stone & Co., Appellee, v. John A. Murphey, Jr., Appellant.

Gen. No. 17,511

1. INTEREST—*when properly included in verdict.* Where defendant in writing authorized plaintiff to negotiate a certain loan and agreed to pay plaintiff therefor $250, the proposal may be regarded as an instrument in writing within the meaning of the statute relating to interest and the court may properly direct a verdict including interest.

2. NAMES—*idem sonans.* Murphey and Murphy are *idem sonans* and the same name.

3. APPEALS AND ERRORS—*mistake in verdict.* That the verdict is for the "plaintiff" and not for the "plaintiffs" is no ground for reversing a judgment which is in favor of the plaintiffs.

Appeal from the County Court of Cook county; the Hon. J. E. OWENS, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 26, 1913. Rehearing denied June 9, 1913.

JOHN A. MURPHEY, JR., for appellant.

JOHN T. BOOZ, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant Murphey in writing authorized plaintiffs to negotiate a loan or extension of his loan of $15,000 on his property and agreed to pay plaintiffs therefor $250. Plaintiffs complied with the terms of the proposal and brought this suit to recover the compensation defendant agreed to pay. The court directed a verdict for the plaintiffs for $250 and interest at five per cent. from August 15, 1907, the date of the extension agreement. The jury returned the following verdict:

"We the jury find the issues for the plaintiff and assess the plaintiff's damages at

$290 dollars.
$ 63 cents.''

The court denied defendant's motion for a new trial, entered judgment on the verdict in favor of the *plaintiffs* and defendant appealed.

We think the proposal may be regarded as an instrument in writing within the meaning of the statute relating to interest and that the court properly directed a verdict for the interest. *Murray v. Doud & Co.*, 167 Ill. 368; *Downey v. O'Donnell*, 92 Ill. 559.

Murphey and Murphy are *idem sonans* and the same name.

The fact that the verdict is for the *plaintiff* and not for the *plaintiffs* is no ground for reversing the judgment, which was in favor of the plaintiffs.

The verdict is clearly for $290.63 and the court properly gave judgment for that sum on the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*