## Michael Myers v. American Steel Barge Company.

64    187
104    13
64    187
113    ²513

1. VARIANCE—*Instructions to Find for the Defendant.*—When a variance is pointed out on the trial between the declaration and the plaintiff's proofs, if the plaintiff prefers to stand by his declaration, instead of amending the same, it is proper to instruct the jury to find for the defendant.

2. MASTER AND SERVANT—*Accidents—Presumptions of Negligence.*—If the breaking of machinery or tools is because of defects therein, to charge the master with negligence, it must be shown that he either knew or ought to have known of the weakness which caused the accident.

Trespass on the Case, for personal injuries.—Appeal from the Superior Court of Cook County; the Hon. PHILLIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

### STATEMENT OF THE CASE.

In this case the court below, at the close of plaintiff's evidence, on motion of defendant, directed a verdict for defendant, which was duly rendered.

The action was trespass on the case for personal injuries.

On the occasion in question the plaintiff had been employed, with seven other men, by defendant, to trim its vessel, Colgate Hoyt, which was being loaded with corn at the Illinois Central elevator, in the city of Chicago. The spouts through which the grain ran into the vessel were secured by hinges to the elevator, and the outer ends were supported over the open hatchways of the vessel by a wire cable stretched from stem to stern of the vessel, and supported about seven or eight feet above the deck by 2x4 lumber, crossed, the spouts being so heavy that it took a strong man to lift an end of one. The evidence showed that this cable and its appliances were kept on board the vessel, and put up from time to time as needed. On the morning in question the plaintiff, with the " gang " to which he belonged, came about 8 o'clock to trim the grain, and found that the cable was not in position, and so the gang waited about the dock until about 10 A. M., when the cable was put in position and the grain commenced to run. Four of

the spouts were in place and a fifth was being hoisted by a portion of the gang of trimmers. At that moment plaintiff and one of his comrades was in the act of placing a board at one of the coamings of a hatchway, to prevent the grain from shooting over, when a hook or buckle gave way, and the cable, weighted with the spouts, came down upon the back of plaintiff, pinning him face downward on to the deck.

No other evidence tending to show negligence was shown.

The only evidence as to the reason for the breaking or coming down of the cable was the testimony of Captain Keith, the general agent of the defendant. The Captain stated that he had made an investigation to see what was the cause of the coming down of the cable, and found that it was because of the breaking of the turn-buckle, which was an article with a right and left screw on each end for tightening the cable. Turning the screw took up the cable; the slack of the cable. He stated that he examined what he was told was the broken part; that so far as he could see the material was perfect; that it was of wrought iron, or steel, about an inch in diameter, and the screw that went into that would be about the same size.

He was asked: "Q. How long had that appliance been in use, Captain?" And he answered: "Oh, it could not have been in use more than two or three years, because that was the age of the boat. It was kept on board of the boat to erect as occasion required.

Michael Haggerty, another witness who was present and saw the accident, testified that it was the hook to which the cable was fastened at the forward end of the boat that gave way.

E. A. SHERBURNE, attorney for appellant.

WALKER & EDDY and FRY & HYDE, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case each count of the declaration charged spe-

cifically that the accident was caused by the breaking of a cable.

No evidence that a cable broke was given; on the contrary, the evidence was that a buckle or hook broke, and therefrom the plaintiff was injured.

Upon the motion that the jury be instructed to find a verdict for the defendant, this variance was pointed out, yet the plaintiff preferred to stand by his declaration, instead of amending the same, as he might have done.

Because of such variance the jury were properly instructed to find for the defendant. Wabash Ry. Co. v. Friedman, 146 Ill. 583–589.

The writer of this is of the opinion that while it is the duty of an employer to exercise reasonable care to see that the tools and appliances provided for the use of his workmen are reasonably safe, and employes have a right to presume that this duty has been discharged, the mere fact that an employe, while engaged in the work he has been set to do, is injured by the giving way of machinery, appliances or tools provided by his employer, does not of itself prove that the injury was the result of negligence upon the part of the master.

In other words, a presumption of negligence does not arise from such proof, nor does it, as is contended, establish a *prima facie* case of negligence.

If the breaking of the machinery or tools was because of a defect therein, to charge the master with negligence it must be shown that he either knew, or ought to have known, of the weakness which caused the accident. C., C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; Chicago & Alton Ry. Co. v. Platt, 89 Ill. 141; East St. L. P. P. Co. v. Hightower, 92 Ill. 139; Duffy v. Upton, 113 Mass. 544; Sack v. Dolese, 35 Ill. App. 636; Same v. Same, 137 Ill. 136; Joliet Steel Co. v. Shields, 146 Ill. 607.

The plaintiff called as a witness the agent of the defendant, who testified that having examined a buckle, the breaking of which he was told caused the injury, the material thereof seemed perfect

Appellant urges that whatever broke was not a thing with which he had anything to do, and that therefore the breaking of it from, as he says, its weakness, creates a presumption of negligence.

The buckle and hook were necessary adjuncts to the work which appellant was employed to do; he was indeed not bound to examine either, but if injured, as a result of the insufficiency of either, he is bound in an action against his employer to show that his master either knew, or ought to have known, of the fault; in other words, that the master was negligent, which is not presumed.

The judgment of the Superior Court is affirmed.