## Edwin H. Sedgwick v. Concord Apartment House Company et al.

1. MECHANICS' LIENS—*Sec. 9 of the Act of 1895.*—Section 9 of the act of 1895, in regard to mechanics' liens, provides that such suits shall be commenced or intervening petition filed within two years after final payment is due, according to the terms of the original contract.

2. SAME—*Sec. 7 of the Act of 1895.*—Section 7 of the act of 1895, requiring an itemized account of extras, when such are claimed, goes only to a recovery for the extras, and can not defeat the entire claim. The claim may be amended at any time before trial or on the hearing.

3. SAME—*Hurd's Rev. Stat. 1885, Chap. 82, Sec. 3.*—The third section of the lien law (Hurd's Rev. Stat. 1885, Chap. 82) provides that when the contract is expressed, no lien shall be created under this act if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time stipulated for the completion thereof.

4. SAME—*Time of Payment Expressed in Contract Governs.*—The contract itself must, by its terms, provide for a time of payment, which shall not be beyond one year from the completion of the work. The question is not whether the parties do or do not agree, after the execution of the contract, to an extension of the time for the performance. The question is as to the terms of the contract. The lien depends upon the provision which the contract makes as to the time of payment.

5. PLEADING—*General Rule as to the Statute of Limitations.*—The general rule is that the statute of limitations must be pleaded, or if the pleading is an answer, relied on in the answer. It is at least a doubtful question, whether, under the decisions in this state, the statute of limitations can be availed of on demurrer, especially when the statute is not set up especially as ground of demurrer.

Bill for a Mechanic's Lien.—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed October 27, 1902.

**Statement.**—This is an appeal from a decree sustaining a demurrer to an amended intervening petition for mechanic's lien, and dismissing the petition. June 11, 1896, the Western Planing and Manufacturing Co. filed a bill against appellee for a lien on account of materials furnished to it by the complainant, O'Brien. March 11, 1898, William D. O'Brien and appellant Sedgwick filed their joint and several answer, in the nature of an intervening petition, to the bill. Appellee filed a demurrer to the petition, which was sustained by the court November 6, 1899, whereupon appellants amended their petition; appellee demurred to the same, and March 28, 1901, the court sustained the demurrer and dismissed the amended petition for want of equity. The amended petition of appellant contains substantially the following allegations: That O'Brien is engaged in the business of contracting for steam heating, and the Concord Apartment House Co., a corporation, was the owner of certain lots described in the petition, on which it had erected, or was about to erect, an apartment house, and, May 28, 1895, O'Brien and the said corporation entered into a contract, in writing, as follows, setting out the contract in full. The contract is dated May 28, 1895, and purports to be between O'Brien of the first part, and the Concord Apartment House Co. of the second part, and is signed by both parties. The contract, article 1, provides that O'Brien, under the direction of and to the satisfaction of Wm. M. Wheatley, who shall act as superintendent, for the purpose of the contract, shall provide all the materials and perform all the work for the steam heating and hot water plant mentioned in the specifications attached to the contract and made a part thereof, and shown on the drawings for the seven-story apartment building, located on lots described in contract. Articles 2 to 4, both inclusive, contain provisions, such as are usual in such cases. Article 5 is as follows:

" The contractor shall complete the several portions and the whole of the work comprehended in this agreement on or before September 15, 1895."

Article 6 provides, in substance, that if the contractor shall be obstructed by the act, neglect, delay or default of the owner, superintendent, or other contractor employed by the owner, through no default of the contractor, the time fixed for the completion of the work shall be extended for a period equal to the time lost by reason of any such cause. Article 8 provides that the sum to be paid by owner to contractor shall be $8,550, subject to additions or deductions, as provided by the contract, payable as follows:  $1,500 when roughing is done; $4,000 when mains, boilers and tank are placed, provided said payments do not exceed eighty per cent of the value of work done at the time, it being the intention to reserve at all times twenty per cent of the value of the work; the balance within thirty days after the completion of the work.  All payments shall be made upon written certificates of the superintendent, to the effect that such payments have become due, and according to the provisions of section 35 of the laws of Illinois, referring to the sub-contractors' liens, as in force July 1, 1887, and as amended and in force July 1, 1891.  Also furnishing, whenever requested, to the party of the second part, a release from any liens or right of lien.  Articles of the contract not above mentioned, we do not deem it essential to refer to.  The amended petition, after setting forth the contract, alleges that the Concord Apartment House Co., by its own default, delayed the work on said building, so that it was impossible for O'Brien to begin the work upon his contract until late in November, 1895; that, during all said time, he was ready, willing and anxious to begin work under his contract, and that, in the meantime, the price of labor and material had greatly advanced; that on or about November 25, 1895, the Concord Apartment House Co. requested O'Brien to commence work under his contract, fixed his damages for delay at the sum of $1,500, which sum it agreed to pay him, in addition to the original contract price. and, to wit, December 21, 1895, indorsed said agreement, in writing, upon said written contract, as follows:

"CHICAGO, December 21, 1895.
We hereby agree to pay said first party the additional sum ·of $1,500.00, same being for the increased cost of material to be used in the building.

THE CONCORD APARTMENT HOUSE COMPANY,
By Carl Findeisen, President,
A. A. Rolf, Secretary."

And that, also, by reason of said delay, said Concord Apartment House Co. accorded an extension of time for the completion of said work to within one year from November 25, 1895, and that O'Brien, relying on said allowances, commenced the prosecution of said work, under and in accordance with his said written contract, and continued thereafter to work until August 10, 1896, when he completed his contract; that during the progress of said work he, at the request of the Concord Apartment House Co., performed and furnished extra work and material of the value of $518; that all work was performed according to the contract and to the satisfaction of Superintendent Wheatley, who, August 10, 1896, delivered to O'Brien his written certificate to the effect that the work had been completed under the contract and payment would be due thereunder thirty days from that time; that January 9, 1897, O'Brien filed with the clerk of the Circuit Court a statement of his claim, verified by his affidavit, a copy of which is attached to the petition, and made part thereof, which statement was duly entered by the clerk, as required by law; that O'Brien, November 28, 1898, assigned to appellant Sedgwick, for a valuable consideration, his, O'Brien's, interest in indebtedness due to him from said company, and that there remains due and owing to him from said company the sum of $4,757.23, with interest from September 10, 1895, etc.

MARSTON & TUTTLE, attorneys for appellant.

MILLARD R. POWERS and DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.
The question to be decided is, whether the decree sus-

taining the demurrer to appellants' amended petition, and
dismissing the petition, is, or not, erroneous. For the pur-
pose of deciding this question, all the material allegations
of the amended petition must be assumed to be true. So
assuming, we think it apparent that O'Brien, the con-
tractor, acted in good faith and fully performed his con-
tract. The latter is evidenced by the superintendent's
certificate. Therefore the Concord Apartment House Co.
is liable to pay for the work to appellant Sedgwick,
O'Brien's assignee. But the question is whether appellant
is entitled to a lien. The original intervening petition
was filed, as heretofore stated, March 11, 1898, and the
amended petition November 14, 1899. The original con-
tract provided that the work should be completed Sep-
tember 15, 1895, and that any balance due the contractor
should be paid in thirty days from the completion of the
work, which would be October 15, 1895. But by agree-
ment between the parties, the time for completion of the
work was extended to within one year from November 25,
1898, and considering that as the time for completion of
the work, payment would be due December 25, 1895. It
is averred in the petition that the work was completed
August 10, 1896, and by the terms of the contract, payment
was to be made " within thirty days after the completion
of the work," which, assuming August 10, 1896, to be the
time of completion, the time for final payment would be
September 10, 1896. Section 9 of the act of 1895, in regard
to mechanics' liens, provides: " Such suits shall be com-
menced or intervening petition filed within two years after
final payment is due according to the terms of the original
contract." The statute took effect June 26, 1895; it con-
tains no saving clause as to existing contracts; and no
right of action accrued until after the statute took effect.
Therefore section 9 of the act of 1895 governs. 19 Am.
& Eng. Ency. of Law, 2d Ed., p. 176.

If it be held that the time when final payment was due
must be ascertained by reference to the original contract,
which provided that the work should be completed by Sep-

tember 15, 1895, and payment made in thirty days thereafter, or on October 15, 1895, the statute would be a bar, as the original petition was not filed till March 11, 1898. But if the time of final payment is to be considered as thirty days from the time of the actual completion of the work, then it is not a bar. It is averred that the work was completed August 10, 1896, thirty days after which date was September 10, 1896, and the original petition was filed March 11, 1898. Appellee's counsel contend that the most favorable view which appellants can claim is that payment became due thirty days after November 25, 1896, the date to which time of performance was extended. A statute is to be construed not only by its letter, but by its spirit, and the words of the statute are to be taken in their ordinarily accepted meaning. The language of the limitation is " two years after the final payment is due according to the terms of the original contract." The statute surely does not contemplate that it shall run against a mechanic, or his assignee, before the final payment is actually due— before any right of action accrues. An interpretation which would impute such absurdity to the legislature must be avoided, if possible. We are of opinion that the intention was that one claiming a lien should have two years in which to commence suit after his cause of action should accrue. But appellee's counsel relies on the language, " according to the terms of the contract." Under the law, as it was at the date of the contract, it was necessary to the creation of a lien, that the time for the completion of the work, and the time of final payment should be stated in the contract, and such times are stated in the contract in question. But does it follow that if an extension of the time of performance is rendered necessary by unforeseen circumstances, and is agreed on by the parties, that the lien is thereby lost? Article 6 of the contract expressly provides, that if the work contracted for shall be delayed by any of the acts or omissions mentioned in the article, and referred to in the statement preceding this opinion, without the fault of the contractor, he shall have an extension of time equal

to the time lost by such delay. In the present case the per-
formance of the work by the time mentioned in the con-
tract became impossible for reasons beyond the contractor's
control and without his fault. Does it lie in the mouth of
the owner to say to the contractor, "You have lost your
lien by my default, or by the default of other contractors
employed by me, and notwithstanding I extended the time
for the performance of the work and induced you to
proceed with it, and you have fully performed it, as is evi-
denced by my superintendent's certificate that the final
payment was due to you September 10, 1896, you have no
lien"?

In Paddock et al. v. Stout, 121 Ill. 571, a lien was claimed
for work done and material furnished in remodeling and
changing a mill. By the contract, dated June 30, 1883, the
mill was to be completed and started in successful running
order by September 15, 1883. The contract price was
$6,600, $2,500 to be paid July 10, 1883, and $2,500 "when
the mill is finished and started to satisfactory results," the
owners to give their notes, bearing seven per cent interest,
for the balance of $1,600, payable in equal installments of
six, nine and twelve months from date of starting the mill.
There was delay in completing the work, for which the
contractors were not responsible, but the owners permitted
the contractors to proceed with the work after September
15, 1883, and it was completed and the owners accepted it
October 14 or 15, 1883, and, November 1, 1883, gave their
notes for the $1,600 balance, as provided by the contract.
The owners objected that the work was not completed Sep-
tember 15, 1883, as required by the contract; also, that
the time of payment was extended beyond one year from
the time of completion of the work, contrary to the statute.
As to the first objection, the court held that the owners
having permitted the contractors to proceed with the work
after September 15, 1883, and having accepted it when
completed, the time of performance was waived and the
objection untenable. In this connection the court say:

"A mere extension of time of performance does away

with none of the stipulations; an agreement to extend the time waives nothing more than the time of performance;" citing cases.

In regard to the next objection the court say :

"The next objection urged against the existence of the lien is that the time of payment is extended beyond one year from the time stipulated in the contract for the completion of the work. The third section of the lien law (Hurd's Rev. Stat. 1885, Chap. 82) provides that ' when the contract is expressed, no lien shall be created under this act if the time stipulated for the completion of the work or furnishing materials is beyond three years from the commencement thereof, or the time of payment beyond one year from the time stipulated for the completion thereof.' The contract here is expressed and is in writing. By its terms the mill was ' to be put up and started in successful running order ' by September 15, 1883. The second sum of $2,500 was to be paid ' when the mill is finished and started to successful and satisfactory results.' It is plain from this language, that the time when the mill was to be finished, or, in other words, when the work was to be completed, and the time when the mill was to be started, were one and the same. The mill was to be finished and to be started in running order at the same time. Therefore, when Sower Bros. agreed to pay the balance of $1,600 by giving ' their notes bearing seven per cent. interest, payable in equal payments of six, nine and twelve months from date of starting mill,' they agreed to give notes payable in six, nine and twelve months from date of completing the work. But appellants claim that the note to be made payable in twelve months would be entitled to three days of grace, and that therefore the time of payment, by the contract, was one year and three days from the time stipulated for the completion of the work. The contract itself must, by its terms, provide for a time of payment, which shall not be beyond one year from the completion of the work  The question is not whether the parties do or do not agree, after the execution of the contract, to an extension of the time for the performance. The question is as to the terms of the contract. The lien depends upon the provision which the contract makes as to the time of payment. Cook v. Vreeland, 21 Ill. 431; Beasley v. Webster, 64 Id. 458; Cook v. Heald, 21 Id. 425; Belanger v. Hersey, 90 Id. 70."

The case is directly in point in the present case, as we think. It holds, first, that the completion of the work after the time fixed by the contract, with the consent of the owner, who accepts it, will not defeat the lien; second, that when the time for completion is definitely stated in the contract and the time of final payment is stated to be when the work is completed, that is a sufficiently definite fixing of the time of final payment; third, that a subsequent extension of time for performance will not defeat the lien; fourth, when the contract fixes the time for completion of the work, final payment to be made on completion, and such time is extended by the owners, and the work done within the time so extended, the time of final payment is the time when the work is actually completed, and not the date fixed for completion in the written contract. See, also, Chisholm v. Williams, 128 Ill. 115, and Meyers v. Am. Steel Barge Co., 64 Ill. App. 187.

In Chisholm v. Williams, the time fixed by the contract for the completion of the work was August 1, 1882, the owners to give their notes due in six, nine and twelve months for balance due on completion. The work was not completed until September 15, 1882, at which date the owners gave their notes as provided by the contract. The notes were all paid except the nine months note, and that was extended four months by the giving of a new note three days after its maturity. It was contended that the time of payment of the amount evidenced by the nine months note was extended beyond one year from the completion of the work. The court overruled the objection, holding that the time of payment due should be estimated from September 15th; that so estimating it, the original note was due in nine months from that date, and that the taking of the new four months note did not defeat the lien. The court say :

"But it is argued that the extension of time of payment for four months after the note became due, made the money payable more than a year from the time of the completion of the contract, and thus the lien was lost. The

same question arose in Paddock v. Stout, 121 Ill. 572, and we there held that the extension of the time of payment after the execution of the contract would not defeat the lien; that the lien depends upon the provisions which the contract makes as to the time of payment. Here, under the contract made by the parties, the time of payment was not extended beyond one year from the completion of the work, and complainants have not lost the lien conferred by the statute."

Appellee's counsel contend that appellant can not enforce a lien because he did not file his claim of lien with the clerk of the Circuit Court, within four months after the last payment became due. In view of the authorities cited, *supra*, the last payment became due September 10, 1896, thirty days after the completion of the work, and after he had received the certificate of the superintendent. He filed his claim January 9, 1897, which was in apt time.

Counsel for appellee contend that the cause of action stated in the amended petition is different from that stated in the original petition. The cause stated is the same in both petitions, namely, the completion of the work according to the contract, and non-payment of the amount due for the work. We think it at least a doubtful question, whether, under the decisions in this state, the statute of limitations can be availed of on demurrer, especially when, as in the present case, the statute is not set up especially as ground of demurrer. The general rule is that the statute must be pleaded, or, if the pleading is an answer, relied on in the answer. 18 Am. & Eng. Ency., 1st Ed., p. 553. At law, if an additional count is filed to a declaration, setting up a cause of action different from that stated in the original count, and against which the statute has run, the statute, to be taken advantage of, must. be pleaded, and this notwithstanding the whole record, including the original and additional counts, is before the court, as were the original and amended petitions in the present case. Mr. Justice Story, however, is authority that the bar of the statute may be taken advantage of by demurrer. Story's Eq. Pl., sections 483 and 484, 9th Ed.

Counsel urge that the claim of lien is defective, in that the-extras averred in the petition are not itemized in the claim. We are of opinion that section 7 of the act of 1895 requires an itemized account of extras, when such are claimed; but this only goes to a recovery for the extras, and can not defeat the entire claim, and it is provided by the section that the claim may be amended at any time before trial or on the hearing.

The decree will be reversed and the cause remanded.