Concord Apartment House Co. v. O'Brien.

## Concord Apartment House Co. v. W. D. O'Brien et al.

### Gen. No. 12,605.

1. MECHANIC'S LIEN—*when contract sufficient to support decree for.* Where the contract in question fixes with certainty the time for final completion of the work and payment of the money within the periods fixed by the statute, it is sufficient to support a lien.

2. MECHANIC'S LIEN—*when contract does not waive right to.* A provision in the contract of the general contractor by which he agrees to furnish, when requested, releases of claims for lien by third parties, does not affect the right of such general contractor to enforce a lien in his own behalf.

3. MECHANIC'S LIEN—*character of undertaking essential to waive.* In order to waive by contract the right to a mechanic's lien, there must be an express covenant or a covenant resulting by implication from the language used so plain that a mechanic can so understand without seeking a professional interpretation as to its legal effect.

4. MECHANIC'S LIEN—*when acceptance of security does not waive right to.* The acceptance by a contractor of security for payments maturing from time to time, does not affect his right to enforce his lien with respect to the balance subsequently accruing with respect to which he has accepted no security.

5. ARCHITECT'S CERTIFICATE—*how far binding.* Where after the work has been completed an accounting has been taken and an architect's certificate issued stating the balance due, the same, as to such balance, is binding upon the parties in the absence of fraud, accident or mistake, where the contract between the

parties made the architect the arbiter of disputes between the parties.

Intervening petition. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

**Statement by the Court.** This proceeding is in the nature of an intervening petition grounded upon the answer as amended of appellees to the original petition for a mechanic's lien upon the land and building of appellant, filed June 11, 1896, by the Western Planing & Manufacturing Company, to which amended petition a demurrer was interposed by appellant and sustained by the Superior Court and the amended petition dismissed. An appeal from the order was prosecuted to this court by appellees and the action of the Superior Court in so sustaining the demurrer and dismissing the amended petition, this court on that appeal adjudged to be error, and the cause was remanded to the Superior Court for further proceedings. Sedgwick v. Concord Apartment House Co., 104 Ill. App. 5. In this case there will be found a full and succinct statement of the averments of the amended petition to which we refer and adopt as the statement here, not deeming it necessary or expedient to again set it forth.

Upon a redocketing of the cause pursuant to the mandate of this court, appellant filed its answer September 5, 1903, which it subsequently amended February 20, 1905. In the answer as amended, appellant admits the contract with O'Brien of May 28, 1895, for $8,500, under which appellees base their claim for a lien, but deny that O'Brien did any work under it, and aver that the contract expired by limitation September 15, 1895, and that thereafter on December 21, 1895, a verbal agreement was made with O'Brien to do the work specified in the former written contract for $10,050, but that neither the time of completing the

work nor for final payment was fixed by the verbal agreement, and that the verbal agreement was not in any sense an extension of the first contract or any of its provisions, or that the increase of $1,500 in the price was compensation for loss O'Brien may have suffered by reason of his not having, to that time, entered upon the performance of the original contract. Denies O'Brien did any extra work or furnished extra material or that the work undertaken to be done by the verbal contract was fully performed to the satisfaction of Wheatley as superintendent, or that Wheatley issued a final certificate under the terms of the contract, or that anything is due O'Brien or Sedgwick, his assignee thereunder. Denies work was completed under verbal contract prior to September, 1896, and avers O'Brien never fully performed the work contemplated by the verbal contract. In *arguendo* states that if all conditions of contract of May 28, 1895, were part of subsequent verbal agreement, that then appellees had no right to a lien for work done, because under second paragraph article 8 of that contract, O'Brien stipulated to release any lien he might have upon request, and in the answer appellant demands that appellees forthwith execute and furnish appellant with an absolute release of all claims and liens and dismiss their intervening petition.

Appellant further claims that appellees are not entitled to any lien, because it avers that O'Brien received collateral security for a large portion of the contract price of the work done, by acceptances of W. P. Dickinson & Co. in favor of American Radiator Co. and the Holland Radiator Co. for materials, guaranty by Dickinson & Co. of an account with Crane Co. for materials, acceptance given the Illinois Malleable Iron Co. for materials, also that a number of orders given by O'Brien & Co. on Dickinson & Co., accepted by them, and garnishments on judgments against O'Brien paid by appellant and by Dickinson & Co.

Upon the issues thus joined the cause was referred to Master in Chancery Healy, who reported in favor of appellees' claim, and after overruling the exceptions of appellant to the master's report, a decree was entered establishing a mechanic's lien upon the property of appellant set out in the intervening petition for the sum of $4,105 and costs of suit, to reverse which decree this appeal is prosecuted.

HELMER, MOULTON & WHITMAN, for appellant.

MARSTON & TUTTLE, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Having in view Sedgwick v. Concord Apartment House Co., 104 Ill. App. 5, it only remains for this court to now determine whether the proof in the record, when tested by legal principles applicable to it, sustains the decree.

It is apparent that the written contract of May 28, 1895, between appellant and W. D. O'Brien, as enlarged by the following indorsement thereon in writing: "December 21, 1895. We hereby agree to pay said first party the additional sum of $1,500, same being for increased cost of material to be used in the building." Signed, "The Concord Apartment House Company,

By CARL FINDELSEN, President,

A. A. ROLF, Secretary."

forms the contract by which the rights of the contestants here must be determined. This is patent from the fact that no further specification was made at the time of the indorsement above set forth. None was necessary under the conditions in which the parties then were. The failure of O'Brien to commence the construction of the building as provided by the original contract, resulted through no fault of his, but for the reason obvious from the proofs, that appellant was

without money to finance the enterprise. That the fault did not lay with O'Brien is evident from the further fact that appellant recognized that the cost of material had enhanced between May 28, 1895, and December 21, 1895, and for which $1,500 was added to the contract price. The contract was thereby revived and remained in full force, with this difference only, that $1,500 was added to the contract price. That writing was also in effect an admission that the delay in starting the building was not chargeable to O'Brien. Whether or not this delay may be accounted for by the uncontradicted testimony of the secretary of appellant, Rolf, that *"the company had no money except at one time $500 received from the railroad company for assigning frontage on Indiana Avenue,"* is not necessary at this time for us to decide, but that the delay was caused by appellant is clear.

By article V of the contract it is provided that all work contemplated by the contract shall be done and completed on or before September 15, 1895, and by article VI all delays by the owner or superintendent or resulting from other causes without the fault of the contractor, the time for completion shall be extended for a period equivalent to the time so lost, and by article VII final payment, it is provided, shall be made within thirty days after completion of the work.

Time for final completion and payment is so certainly fixed by the contract as to fully comply with the essential statutory requirements preliminary to establishing a mechanic's lien.

The amount found due by the decree can be sustained under two conditions deducible from the evidence.

First. By the terms of the contract Wheatley, the architect, was constituted the final arbiter as to the amounts due O'Brien under the contract, and all such amounts were to be paid on his certificate. By article IX the final certificate of the architect was made binding and conclusive on all parties.

Second. There was an accounting made by O'Brien with Rolf, the secretary, and Wheatley, the architect of appellant, as to the amount due. In which accounting all the counter-claims of appellant, together with the amounts paid on account of the contract, were gone over and an adjustment made and the amount due O'Brien fixed at $4,568, for which sum Wheatley issued to O'Brien a final certificate. Rolf also made and delivered to O'Brien the following certificate:

"Chicago, February 18, 1898.

This is to certify that a final certificate of $4,568 was issued by the Concord Apartment House Company in favor of W. D. O'Brien, August 10, 1896.

A. A. Rolf, Secy."

No fraud or mistake is either charged or proven in the settling of the account or in the issuing of the certificate by Wheatley, the *bona fides* of no one concerned in bringing about this result is challenged. Appellees might well have rested their primal proof at this stage. They had made out at least a *prima facie* case which, if subject to attack, the *onus* of so doing devolved upon appellant. The rights of the parties, in the absence of fraud or mistake, must under the rulings of the courts in this state be determined by the architect's certificate.

As was said in Arnold v. Bournique, 144 Ill. 132, on page 139, "The decision of the architects reduced to writing and signed by them, was the substantial act which determined the rights of plaintiffs to the money and determined the obligation of the defendant to pay."

And in Lull v. Korf, 84 Ill. 225, the same legal effect was given to the architect's certificate and the owner was held to be estopped thereby to urge defects in the work. The architect's certificate was held conclusive, unless it be shown the certificate is the offspring of fraud or mistake "connected with the issuing or the obtaining of such certificate." Appellees went

farther and proved by Rolf, the secretary of appellant, every item entering into the certificate, and the fact of its having been made out and delivered by Wheatley to O'Brien. Rolf was personally cognizant of the facts and competent to testify. The certificate of Wheatley was lost. Proof of this fact, as also its contents, was made by Rolf. We find no evidence in in the record in contradiction. Undisputed it is sufficient. Appellant has failed to prove that any of the orders, notes, acceptances and payments made and issued to material men for material furnished for the building to O'Brien were so done after the accounting or the issuing of the certificate by Wheatley, nor can we gather from the evidence that such is the fact. The record is likewise silent as to any payment having been made by either appellant or Dickinson upon the judgment of the American Radiator Company v. W. P. Dickinson for $1,246.08, which judgment was for radiators put into the building of appellant by the American Radiator Company for O'Brien, which O'Brien was to supply under his contract with appellant. O'Brien, for aught the record shows to the contrary, is still liable to the American Radiator Company for the value of such radiators. No advantage has accrued to him by reason of the judgment against Dickinson, and it would be inequitable to charge this amount against the certificate. The *onus* of proving payment, in whole or in part of the Dickinson judgment, was on appellant.

It is also contended that under the contract O'Brien cannot maintain any action for a mechanic's lien and that the condition in the contract that O'Brien should furnish whenever requested a release from any liens or rights of liens, is a complete and effectual waiver of the right to a mechanic's lien. Such condition is not susceptible to this construction. All that was intended by this condition was to protect the property of appellant from all liens which might accrue to subcon-

tractors, material men, mechanics or laborers, for
work, labor or materials done or furnished to the prop-
erty of appellant under the O'Brien contract, and was
neither intended to, nor does the condition affect the
right of O'Brien to a lien for work and materials fur-
nished by him under his contract. The covenant of
O'Brien was, in legal effect, to furnish upon request
a release of the liens of third parties. Nor could any
complaint be heeded of a failure to furnish such re-
leases to appellant, if the failure of appellant to make
payments at the times provided by the contract to the
contractor O'Brien was the cause and only reason why
O'Brien was unable to furnish releases of third parties
at the time when any such releases were demanded; nor
does the record in fact disclose any demand for re-
leases other than contained in the answer, coupled
with a demand that the intervening petition be dis-
missed. Downey v. O'Donnell, 92 Ill. 559.

The decisions cited in which liens were held to be
waived are grounded upon the express covenant by
the contractor in unequivocal terms waiving the·lien.
There is no such covenant found in the contract in
question affecting the right of O'Brien to a lien. If
the parties had so intended, they would have made it
evident by their contract. To be effective, there must
be an express covenant or a covenant resulting by
implication from the language used, so plain that a
mechanic could so understand without seeking a pro-
fessional interpretation as to its legal effect. Nice v.
Walker, 153 Pa. St. 123.

Admitting that the taking of security for payments
due under a building contract operates as a waiver of
a statutory lien and is effective to discharge such lien
of the recipient of such other security, and conceding
that the record discloses that O'Brien took many such
securities in the nature of guaranties, checks, notes
and moneys from W. P. Dickinson & Co., a third party,
who in fact undertook to finance the building project

by disposing of $150,000 of bonds issued by appellant, and that so far as these securities extended to pay sums due under the contract, the right to a statutory lien was discharged as to those sums; yet the right of O'Brien to a mechanic's lien for the amount due on the final certificate of the architect Wheatley remains unaffected, in the absence of any claim or proof that such other securities or payments were made or received for or on account of the amount certified by Wheatley to be due O'Brien under the contract in the final certificate issued by him to O'Brien. Furthermore, Dickinson cannot be regarded as a third party in his dealings with O'Brien. He was the agent of appellant and all payments made and orders given by him were as such agent for appellant. Whatever O'Brien took or received from Dickinson on account of moneys due under his contract with appellant must, on the evidential facts undisputed on this record, be treated as the property of and coming from appellant, and therefore such acceptance by O'Brien cannot be regarded or treated as a waiver by him of his right to a lien. Kendall v. Fader, 199 Ill. 294, is decisive on this point.

Reference has been made to the fact that Rolf, while secretary of appellant, acted as the legal adviser of O'Brien in the initiatory steps leading to the filing of the intervening petition and that he advised him to preserve his rights to a lien, and that O'Brien acted under such advice in the steps which he subsequently took in an attempt to conserve and protect his rights in the premises. No bad faith is imputed to Rolf in what he did for O'Brien. He was cognizant of the legal status of appellant and O'Brien under the contract. As secretary of appellant he kept the accounts and from his books and memoranda was able to make up a correct account impartially between the parties and one that all concerned might in the exercise of good judgment be treated as trustworthy and reliable.

Both appellant and appellees have, by calling Rolf as their witness, impliedly certified to his credibility and reliability, and we find nothing in his testimony or actions warranting our disregarding such implied representation.

There is no merit in appellant's resistance of O'Brien's claim. O'Brien, as the record shows, lived up to his contract as best he could, struggling and striving continually against the failure by appellant to make payments due him under the contract as the work progressed. This failure constantly embarrassed O'Brien, put him in financial straits with his creditors and finally compelled him to assign his rights under the contract to Sedgwick for the benefit of those having claims against him arising out of the construction of appellant's building, all of which was occasioned by the improvident managers of appellant company launching upon an extended building enterprise without any cash capital or resources.

Most of the defenses interposed are of an extremely technical legal character and are unavailing to defeat appellees' claim as against the strong evidential facts appearing in the record of O'Brien's having satisfactorily performed his part of the contract in accordance with its terms and complied with all the formal requirements of the statute necessary to preserve his right to a mechanic's lien.

After a painstaking consideration of all the questions raised in the record and briefs in this case, we are unable to discover any error justifying a reversal of the decree of the Superior Court, and the decree will therefore be affirmed.

*Affirmed.*